MILLIKEN BROS., Inc., v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. May 16, 1913.)

APPEAL AND ERROR (§ 1195*)—SECOND APPEAL—LAW OF CASE.
    Where the evidence upon a retrial did not differ from that presented upon the first trial, the decision of the Court of Appeals, being the law of the case, governs.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

Appeal from Trial Term, New York County.

Action by Milliken Bros., Incorporated, against the City of New York and another, in which Patrick H. McNulty was impleaded with others. From a judgment for plaintiff, certain defendants appeal. Affirmed.

See, also, 201 N. Y. 65, 94 N. E. 196, Ann. Cas. 1912A, 905, and 141 N. Y. Supp. 1132.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William E. C. Mayer, of Brooklyn, for appellant City of New York. Arnold L. Davis, of New York City, for appellant Jas. D. Murphy Co.

Frederick Hulse, of New York City, for respondent.

SCOTT, J. Upon a former appeal in this action, this court was of the opinion that the work out of which the claim arose had been substantially completed on October 8, 1906, the date upon which the final certificate of the architect had been signed, and the building had been accepted and taken over by the city. It was consequently held that the claimant respondent had not acquired a valid lien because he had not filed a notice of lien until December 13, 1906, which we deemed to be more than 30 days after the completion of the work. 135 App. Div. 598, 120 N. Y. Supp. 841. The Court of Appeals, upon the facts proven, reached a different conclusion as to the date of the completion of the work, and consequently reversed the judgment and ordered a new trial. 201 N. Y. 65, 94 N. E. 196, Ann. Cas. 1912A, 905. The evidence upon the new trial does not differ in any material respect from that presented upon the first trial, and therefore, what-

---

ever our own views might be upon the evidence if the matter were res nova, we feel constrained to yield to the authority of the Court of Appeals and affirm the judgment.

Judgment affirmed, with costs. All concur.

