MABEL G. TAPLEY, as Administratrix, etc., of HERBERT F. TAPLEY, Deceased, Respondent, v. NEW YORK DOCK RAILWAY, Appellant.

Second Department, January 27, 1922.

Railroads — action to recover for death of plaintiff's intestate — defendant operating terminal railroad on dock under contract not giving exclusive right to dock — intestate on dock in work of repairing machinery for steamboat killed by car running over him — car started suddenly and without warning — intestate not trespasser on defendant's property, nor invitee nor licensee — defendant bound to use due care — defendant chargeable with knowledge of intestate's presence and liable for negligence in starting car without warning — instructions — discretion of court in refusing to charge request covered by principal instructions.

In an action to recover damages for the death of plaintiff's intestate, who was killed by being run over by a railroad car operated by the defendant, it appeared that the defendant was operating a terminal railroad on the dock of the New York Dock Company under a contract by which the ownership, control and primary right to possession and use of the dock remained in the dock company and the defendant had no title nor interest therein except the right to use it in common with the dock company for the necessary purposes of the operation of its railroad; that at the time of the accident the plaintiff's intestate was engaged in work incidental to the repair of machinery upon a steamship which was lying in berth at the dock under a contract with the dock company; that the car which struck and ran over the plaintiff was started suddenly and without warning in the process of switching cars on the dock.

*Held*, that the decedent, when upon the dock between the railroad track and the water, was not a trespasser upon the property of the defendant, nor was he a licensee nor invitee of the defendant;

That under the circumstances defendant owed to the plaintiff's intestate the duty of using due care not to injure him.

The jury was justified in finding that the defendant was chargeable with knowledge that persons other than their own employees might be rightfully on the dock, either as employees, or licensees, or by virtue of business relations, directly or indirectly with the New York Dock Company, and, therefore, that it was negligent, as to such persons, to start the car in motion without notice or warning.

Whether a proposition of law, once charged in language chosen by the court, shall be again charged in the language of counsel's request, rests in the sound discretion of the court, and a refusal to charge as requested, under such circumstances, is not legal error.

It was not an abuse of discretion on the part of the trial court to refuse to charge as requested by defendant's counsel that " If the defendant had

no reason, in the exercise of reasonable care, to anticipate that the plaintiff's intestate would be on its track, or leaning against its cars, or in a position where these cars would strike him in passing, it was under no duty to warn him that there was about to be a movement," for the court had already properly charged concerning the question, and furthermore the request did not contain an accurate statement of the law.

APPEAL by the defendant, New York Dock Railway, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of January, 1921, upon the verdict of a jury for $35,000, and also from an order entered in said clerk's office on the 28th day of January, 1921, denying defendant's motion made upon the minutes to set aside the verdict and for a new trial.

Plaintiff's intestate was killed by being struck by the sudden movement of a standing car while he was on the dock of the New York Dock Company, engaged in work incidental to the repair of machinery upon a steamship which was lying in berth at the dock. The motion of the car which struck the plaintiff's intestate was caused by the defendant backing against it, without warning, a locomotive and six cars for the purpose of coupling with the car and moving it for switching purposes.

*E. C. Sherwood* [*Martin A. Schenck* and *Benjamin C. Loder* with him on the brief], for the appellant.

*John Winans* [*Alfred T. Rowe* with him on the brief], for the respondent.

BLACKMAR, P. J.:

The plaintiff's intestate was not a trespasser on the premises of the defendant. The defendant did not own the platform of the dock on which the decedent stood when he was struck and killed. It was owned by another corporation — the New York Dock Company. The contract of October 1, 1912, between the two companies controls their respective rights to the dock. It recites, in substance, that the New York Dock Company is the owner of certain real property, wharves, bulkheads, piers, slips, basins and lands under water, and is conducting thereon the business of wharfinger and storage and warehousing, and the receiving of freight as agent for various railroad corporations, and, for the convenient handling of its business, has constructed and is operating certain terminal

Second Department, January, 1922. [Vol. 199

property, railroads, tracks, float-bridges and appurtenances, together with steam locomotives; and that the defendant desired to take over the operation of said terminal properties, float-bridges and appurtenances, and operate its railroad route over the property of the dock company. The contract then grants to the defendant the right upon prescribed terms to operate the railroad upon the terminals, rights of way and appurtenances of the dock company, and to use the property of the dock company appurtenant to and necessary in the operation of the business of the railway. The ownership, control and primary right to possession and use of the dock remained in the New York Dock Company, and the defendant had no title or interest therein except the right to use it in common with the dock company for the necessary purposes of the operation of the railway.

The decedent, therefore, when upon the dock between the railway track and the water, was not a trespasser upon the property of defendant, nor a licensee nor invitee of the defendant. He had no contract relations with the defendant whatever, and the duty which defendant owed him was not created, modified or in any way affected by contract, nor was it curtailed by the law applicable to trespassers. The duty was that which every member of the community owes to others, and which grows out of the contact between members of the community brought together in our social state. This is the duty resting upon each to use due care not to injure others.

The New York Dock Company had given to the steamship *Tanamo* the right to berth at this wharf for a compensation of $150 a day. The steamship was required to load and unload over the side upon lighters or other vessels, and the use of the bulkhead was not included. On the day in question, the machinery of the steamship was being repaired by the Pier Machine Works, and the plaintiff's intestate was an employee of the machine company. He, with other co-employees, was engaged in carrying parts of the machinery from the vessel to be loaded on a motor truck on the dock and taken to the machine shop for repairs. He stood near the edge of the platform, bending over to lift a heavy piston rod upon the motor truck, when an empty coal car, which had been standing near, suddenly moved, struck him, knocked him off the

platform onto the track, and, proceeding about twenty feet, crushed him under the wheels and killed him. The motion of the car which struck him was caused by the employees of the defendant backing a locomotive, with five or six cars attached, against the standing car, and so suddenly setting it in motion. This was done without signal or warning of any kind.

Whether it was negligent or not to start the standing car in motion without warning, depends upon whether it should have been reasonably anticipated that such act might cause injury to others. This was the instruction given by the learned court to the jury. He said: " To establish the charge of negligence, it is necessary in this case, as in all others, to prove that the defendant had failed in some legal duty owing from it to the plaintiff's intestate. The legal duty must have existed, and its breach must be shown in the inadvertent omission or commission of some act, in the performance of which injury results, which might have been foreseen by a reasonably prudent person." This charge properly, I think, left it to the jury to determine whether the defendant should reasonably have foreseen that injury might result from suddenly and without warning starting a standing car. When the employees of defendant were engaged in loading or unloading standing cars, warning of an intended movement was required by the rules of the company, and was always given, but no warning was given except for the protection of its own employees. Although the place in question was private property, it was owned and used by the New York Dock Company, and the defendant was chargeable, by the terms of its contract with the dock company, with knowledge that others might be on it through their relations, direct or indirect, with the dock company. Such was the case of the plaintiff's intestate. He was there in a matter of interest common to his employer, to the steamship and to the dock company. The jury were justified in finding that the defendant was chargeable with knowledge that persons other than their own employees might be rightfully on this dock, either as employees, or licensees, or by virtue of business relations, directly or indirectly, with the New York Dock Company, and, therefore, that it was negligent, as to such persons, to start the standing car in motion without notice or warning.

The question whether the plaintiff's intestate was a licensee or an invitee of the New York Dock Company is immaterial. He was on the dock in the right of the New York Dock Company to use its own property, extended to him through the berthing contract with the steamship and the repairs on the machinery of the steamship by his employer, the Pier Machine Works.

I have examined the points presented by the appellant, and the questions so raised, but find no error which justifies reversal. One point, perhaps, deserves notice. The defendant's counsel requested the court to charge: " If the defendant had no reason, in the exercise of reasonable care, to anticipate that the plaintiff's intestate would be on its track, or leaning against its cars, or in a position where these cars would strike him in passing, it was under no duty to warn him that there was about to be a movement." The court declined and the defendant excepted. Assuming that this request correctly states the law, the court had already properly charged upon the point. Whether a proposition of law, once charged in language chosen by the court, shall be again charged in the language of counsel's request, rests in the sound discretion of the court. Under these circumstances, a refusal to charge is not legal error; nor in this case was it an abuse of discretion. But I do not think that the request was an accurate statement of the law. Whether it would be as to a licensee of defendant is not the question; for that is not this case. The negligence consisted in shunting the cars without warning. If defendant should, in the exercise of care, have anticipated the presence of any persons whatever rightfully on this platform, who might be injured, the act was negligent. The request is that defendant was under no duty to warn, unless chargeable with knowledge that this very plaintiff's intestate was where the car might strike him, and so it suggests personal relations between the plaintiff's intestate and the defendant. The original charge of the court was more accurate than the request, and the request was properly denied.

I vote to affirm the judgment and order, with costs.

Present — BLACKMAR, P. J., RICH, KELLY, JAYCOX and MANNING, JJ.

Judgment and order unanimously affirmed, with costs.