MELVILLE F. TAYLOR, an Infant, by JOHN R. TAYLOR, His Guardian ad Litem, Appellant, *v.* CHARLES A. ROBINSON et al., Respondents.

*Schools — discipline — when student suspended or expelled for misconduct may not recover damages therefor.*

*Taylor* v. *Robinson*, 198 App. Div. 624, affirmed.
(Argued October 11, 1922; decided October 27, 1922.)

APPEAL from a judgment, entered December 3, 1921, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The action was brought by plaintiff, a former student at the Peekskill Military Academy, to recover damages for his alleged illegal and unjustifiable expulsion. The Appellate Division held that it having been shown that plaintiff had been guilty of insubordination justifying suspension or expulsion, by his own misconduct he had forfeited the right to remain at the institution, and having been legally suspended stood in the same relation toward the school as if he had never been a pupil therein.

*James G. Purdy* for appellant.
*Richard Ely* for respondents.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

MABEL G. TAPLEY, as Administratrix of the Estate of HERBERT F. TAPLEY, Deceased, Respondent, *v.* NEW YORK DOCK RAILWAY, Appellant.

*Negligence — railroads — death from being struck by standing car against which others were backed without warning.*

*Tapley* v. *N. Y. Dock Railway*, 199 App. Div. 664, affirmed.
(Argued October 11, 1922; decided October 27, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 18, 1922, unanimously affirm-

ing a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. The plaintiff's intestate was killed by being struck by the sudden movement of a standing car while he was on the dock of the New York Dock Company, engaged in work incidental to the repair of machinery upon a steamship which was lying in berth at the dock. The motion of the car which struck the plaintiff's intestate was caused by the defendant backing against it, without warning, a locomotive and six cars for the purpose of coupling with the car and moving it for switching purposes.

*E. C. Sherwood, Martin A. Schenck* and *Benjamin C. Loder* for appellant.

*John Winans* and *Alfred T. Rowe* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

MILTON J. WHITFORD, Respondent, *v.* TOWN OF ONON-
DAGA, Appellant.

*Negligence — highways — liability of town for injuries occasioned by
automobile striking loose stone in highway.*

*Whitford* v. *Town of Onondaga*, 199 App. Div. 909, affirmed.

(Argued October 11, 1922; decided October 27, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 22, 1921, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries and injury to property alleged to have been occasioned plaintiff through the negligence of defendant in failing to keep its highways free from obstruction. It was alleged that while plaintiff was driving his automobile on the East Hill road between Jamesville and Rockwell Springs the left front wheel struck a loose boulder causing the car to overturn and resulting in the damage complained of.