ISIDOR MINTZ, Respondent, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.— Defendant has appealed from a judgment in plaintiff's favor entered in the Sullivan county clerk's office on April 8, 1936, after trial before the court and a jury. Plaintiff brought the action to recover disability

benefits under five contracts of insurance issued upon the plaintiff's life, each contract containing a disability clause. Subsequently to the issuance and delivery of the policies plaintiff was injured in an automobile accident and sustained a comminuted fracture of the right leg, involving the tibia and fibula, and also a fracture of the left leg. The right leg is now two and one-half inches shorter than the left leg, and plaintiff suffers from chronic osteomyelitis. The right leg constantly discharges pus and there has never been a union of the bones of this leg. There have been six operations thereon and they have failed to effect a cure. The trial judge submitted the following questions to the jury: " Q. Was the plaintiff during the two months beginning July 29th and ending on September 28, 1935, totally and permanently disabled so as to prevent him from engaging in his usual occupation or performing any work for wage or profit for which he was reasonably fitted? Q. Was the plaintiff during the months of April, May, June and July, 1935, totally and permanently disabled so as to prevent him from engaging in his usual occupation or performing any work for wage or profit for which he was reasonably fitted?" The jury answered both questions in the affirmative, and the court adopted the findings of the jury and granted judgment in favor of the plaintiff. There is evidence to sustain the jury's verdict. Defendant's counsel requested the court to charge: " The defendant respectfully requests the court to charge that if the plaintiff was able to perform certain of his duties as a butcher, he was not totally disabled, and he is not entitled to recover in this action." This request was refused, and defendant excepted. The request is so indefinite and uncertain that the refusal of the trial court to charge the same does not constitute error. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.