HENRY J. GUCKER, Respondent, *v.* THE TOWN OF HUNTINGTON, SUFFOLK COUNTY, Appellant, Impleaded with MARY CLARK DEBRABANT, Respondent, and Others, Defendants.

CHRISTINA A. KOCH, Respondent, *v.* THE TOWN OF HUNTINGTON, SUFFOLK COUNTY, Appellant, Impleaded with MARY CLARK DEBRABANT, Respondent, and Others, Defendants.

ELLA R. BUNCE, MARY E. BUNCE, LULU BUNCE and ARTHUR BUNCE, Respondents, *v.* THE TOWN OF HUNTINGTON, SUFFOLK COUNTY, Appellant, Impleaded with MARY CLARK DEBRABANT, Respondent, and Others, Defendants.

ALBERT E. GUCKER, Respondent, *v.* THE TOWN OF HUNTINGTON, SUFFOLK COUNTY, Appellant, Impleaded with MARY CLARK DEBRABANT, Respondent, and Others, Defendants.

Second Department, April 18, 1938.

*Otho S. Bowling,* for the appellant.

*Thomas F. Magner,* for the plaintiffs-respondents.

*Edward E. Hoenig,* for the defendant-respondent Mary Clark DeBrabant.

TAYLOR, J.  Action was brought originally by the plaintiffs, here respondents, to cancel, as a cloud on title, three certain quit-claim deeds purporting to release rights in a certain sand bar under the waters of Centerport harbor, an arm of Long Island sound, in which the tide ebbs and flows, and to obtain relief in equity for the alleged invasion of those rights by the defendant-appellant The Town of Huntington and defendant DeBrabant, who, in 1930, it was alleged by the plaintiffs who claimed title to the sand bar, raised, by dredging operations in the harbor and the deposit of materials therefrom upon the sand bar, the level of that bar so that it was at least one foot above high water and not passable for small boats at high water, as it had been for a long period before 1930.  The plaintiffs, upland owners, originally alleged title in themselves — each to a part of the locus of the sand bar, by accretion.  (See *Mulry* v. *Norton,* 100 N. Y. 424.)  Upon the first trial each complaint was dismissed at Special Term and judgment accordingly was entered in each action.  On appeal to this court each judgment was affirmed upon the ground that plaintiff (or plaintiffs) had failed to prove his (or their) alleged title; and this court left it open to the plaintiffs to enforce their undoubted riparian rights in another action.  (*Gucker* v. *Town of Huntington,* 241 App. Div. 494.)  The plaintiffs appealed from the latter determination to the Court of Appeals, which reversed that determination and ordered a new trial of these actions.  (*Gucker* v. *Town of Huntington,* 268 N. Y. 43.)  The highest court held in effect that it was proper to determine and enforce the plaintiffs' riparian rights in these actions (Id.) and such ruling became the law of these cases.  The new trial in each action resulted in a judgment in favor of the given plaintiff, here respondent, and against defendant town, here appellant, in effect directing the restoration of the *status quo ante* of the sand bar, and granting other relief, but dismissing the complaint as to defendant DeBrabant, who was the owner of property abutting on Centerport harbor and lying generally to the north of the properties of the plaintiffs. The judgment in each action included a provision which in effect directed defendant town to restore also a small cove wholly surrounded by property belonging to defendant DeBrabant, which cove was a mosquito breeding place covered by water only at high tide, and which the town had permitted defendant DeBrabant to

fill in. Upon the trial plaintiffs' counsel expressly disavowed any claim related to the filling of that (DeBrabant) cove. From the judgment in each action defendant The Town of Huntington appeals. No plaintiff appeals from the dismissal of the complaint as to defendant DeBrabant. An order granting an extra allowance of $500 to plaintiff (or plaintiffs) in each action appears in the record. There is no appeal therefrom, but a direction for such allowance appears in each judgment and is reviewable here.

There is no lawful basis for the award of an extra allowance in any of the actions. (Civ. Prac. Act, § 1513, subd. 2.) Each action was indeed difficult and extraordinary, and in each a defense was interposed. (Id.) The proof of the value of the subject-matter in each case, however (Id.), was legally insufficient to warrant a finding fixing the value of the riparian rights of the given plaintiff, which (*Gucker* v. *Town of Huntington, supra*) constitute the subject-matter of the action. The claimed proof of such value is contained in the testimony of an expert witness called by the plaintiffs, who gave an opinion, based upon a factual element, in effect that a public bathing beach would be established upon the raised sand bar. This element as matter of law destroyed his testimony as a basis of a finding of value of the plaintiffs' riparian rights, which defendant town invaded in the raising of the sand bar, and made legally improper the award of an extra allowance. Each judgment appealed from should be modified by striking therefrom the provision for an extra allowance.

The provision in each judgment which in effect directs the restoration of the (DeBrabant) small cove by defendant town is improper and unwarranted in view of the express disavowal by plaintiffs' counsel on the trial of any claim related to the filling of that cove. The judgment in each case should be modified, therefore, by striking therefrom that provision.

The plaintiffs, as upland owners, are now seeking to enforce their riparian rights. Their claim of title, formerly asserted under the doctrine of *Mulry* v. *Norton (supra)* to the sand bar was disallowed by this court (*Gucker* v. *Town of Huntington,* 241 App. Div. 494, *supra,* at p. 497), with the approval of the highest court (268 N. Y. 43, *supra,* at p. 51). Nevertheless, in the several decisions of the trial justice are findings of fact and conclusions of law, indicated *infra,* which are irrelevant upon the present theory of the actions and which should be reversed, as they bear upon plaintiffs' original claim, thus disallowed, of title to the sand bar and to the land under water between plaintiffs' uplands and that bar, by accretion. There are also other findings of fact, indicated

*infra*, to the effect that the sand bar is " adjacent " and " contiguous " to plaintiffs' uplands. These latter should be modified by striking from each the therein found fact that the sand bar is thus " adjacent " and " contiguous." Upon the undisputed proofs it is neither " adjacent " nor " contiguous " to those uplands, from which it is separated by tide water — more at high tide and less at low tide. There are also conclusions of law, indicated *infra*, to the effect that defendant town owns only lands under the navigable waters of Centerport harbor, and that plaintiffs own lands under the unnavigable waters thereof. Such conclusions should be reversed as contrary to law; for the conceded title of defendant town to land under the waters of the bay, subject to the rights of the public and of the plaintiffs as upland owners, extends to mean high-water mark. (*Sage* v. *Mayor*, 154 N. Y. 61, 69, 70; *Fulton L., H. & P. Co.* v. *State of N. Y.*, 200 id. 400, 412.) Plaintiffs' title to their uplands does not extend below that mark.

In the Henry J. Gucker action there is a conclusion of law related to the claimed legal right of that plaintiff to erect a frame structure on the sand bar, which conclusion is contrary to law and should be reversed.

The judgment in each action should be modified by striking therefrom (1) the provision for an extra allowance to the plaintiffs, and (2) so much of the direction to defendant town to restore the sand bar and the (DeBrabant) small cove as contemplates the restoration of that cove, and as thus modified it should be affirmed, without costs.

The following findings of fact and conclusions of law should be reversed:

In the Henry J. Gucker suit, findings of fact 11 and 21 and conclusions of law 1 and 9.

In the Koch suit, findings of fact 11 and 20 and conclusions of law 3 and 8.

In the Bunce suit, findings of fact 10 and 19 and conclusions of law 3 and 8.

In the Albert Gucker suit, findings of fact 11 and 20 and conclusions of law 3 and 8.

That part of any finding of fact or conclusion of law in which it is found that the uplands of any plaintiff are " adjacent " or " contiguous " to the sand bar should be reversed.

LAZANSKY, P. J., and JOHNSTON, J., concur; HAGARTY, J., concurs except as to the striking out of the direction to defendant town to restore the sand bar and as to the striking out of the provision for an extra allowance, as to which he dissents. As to the restora-

tion of the DeBrabant cove, plaintiffs state that they have no objection to allowing it to remain as it is. DAVIS, J., dissents in part and votes for reversal and a new trial, with opinion.

DAVIS, J. (dissenting in part). With the determination of the majority that the judgments should be modified in the respects indicated and as so modified affirmed, with emendations of findings, I am not in serious disagreement. However, I believe that there should be a new trial.

Originally the claim by plaintiffs of title to the sand bar was the principal issue presented. No title was established (241 App. Div. 494). With this determination the Court of Appeals was in evident agreement, although there was reversal and a new trial granted to enable plaintiffs to establish their riparian rights without resort to a new action (268 N. Y. 43). The new trial proceeded without change or amendment of pleadings.

On the original trial, where the question of title was involved, counsel for the defendant conceded that the town artificially raised the surface of the sand bar. That concession was of no importance on the question of title. On the present trial it was highly important. Counsel for the town did not seek formally to be relieved from the concession; but during the trial it was practically withdrawn, for the counsel for plaintiffs said he did not rely upon it. Without the concession the evidence that the bar was raised by the acts of the town was somewhat unsatisfactory and inconclusive, and was disputed. Therefore, it was necessary for the trial justice to rely on the concession in fixing liability on the town.

As it seems to me, an examination of the opinion, findings and judgments does not indicate a careful and deliberate determination of the vital issues. This is illustrated by the emendation of the findings and the modification of the judgments found to be necessary. Further, the judgments are in the form of mandatory injunctions directing the town to restore the bar to its original condition. Obviously performance as directed will be difficult of execution and enforcement. How may it be determined that defendant had failed to carry out the directions of the judgments and become liable for contempt? To punish for contempt the language of the mandate must be clearly expressed and the acts must be clearly violative of the terms of the judgment. (*Ketchum* v. *Edwards*, 153 N. Y. 534.)

If the remedy by injunction is too drastic, particularly where public interests are concerned, the court may in the alternative fix damages. (*Ferguson* v. *Village of Hamburg*, 272 N. Y. 234, 239, 240; *Squaw Island F. T. Co.* v. *City of Buffalo*, 273 id. 119, 130;

*Haber* v. *Paramount Ice Corporation,* 239 App. Div. 324, 328; affd., 264 N. Y. 98.) It seems evident that the plaintiffs desire damages from somebody rather than to row a boat over this sand bar submerged at high tide. Therefore, I favor reversal as against the plaintiffs and a new trial.

In the Henry J. Gucker action: Judgment modified by striking therefrom (1) the provision for an extra allowance to the plaintiff and (2) so much of the direction to defendant town to restore the sand bar and the (DeBrabant) small cove as contemplates the restoration of that cove, and as thus modified affirmed, without costs. Findings of fact 11 and 21 and conclusions of law 1 and 9 are reversed. That part of any finding of fact or conclusion of law in which it is found that the uplands of plaintiff are " adjacent " or " contiguous " to the sand bar is reversed. Settle order on notice.

In the Koch action: Judgment modified by striking therefrom (1) the provision for an extra allowance to the plaintiff and (2) so much of the direction to defendant town to restore the sand bar and the (DeBrabant) small cove as contemplates the restoration of that cove, and as thus modified affirmed, without costs. Findings of fact 11 and 20 and conclusions of law 3 and 8 are reversed. That part of any finding of fact or conclusion of law in which it is found that the uplands of plaintiff are " adjacent " or " contiguous " to the sand bar is reversed. Settle order on notice.

In the Bunce action: Judgment modified by striking therefrom (1) the provision for an extra allowance to the plaintiff and (2) so much of the direction to defendant town to restore the sand bar and the (DeBrabant) small cove as contemplates the restoration of that cove, and as thus modified affirmed, without costs. Findings of fact 10 and 19 and conclusions of law 3 and 8 are reversed. That part of any finding of fact or conclusion of law in which it is found that the uplands of plaintiffs are " adjacent " or " contiguous " to the sand bar is reversed. Settle order on notice.

In the Albert Gucker action: Judgment modified by striking therefrom (1) the provision for an extra allowance to the plaintiff and (2) so much of the direction to defendant town to restore the sand bar and the (DeBrabant) small cove as contemplates the restoration of that cove, and as thus modified affirmed, without costs. Findings of fact 11 and 20 and conclusions of law 3 and 8 are reversed. That part of any finding of fact or conclusion of law in which it is found that the uplands of plaintiff are " adjacent " or " contiguous " to the sand bar is reversed. Settle order on notice.