MANUFACTURERS TRUST COMPANY, as Trustee for the Holders of Certificates in a Mortgage Known and Designated as Series or Guarantee No. 265225 of Lawyers Title and Guaranty Company, under a Declaration of Trust Dated the 25th Day of February, 1939, Respondent, v. REID HOLDING CORPORATION, Appellant, and Others, Defendants.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

JOSEPHINE MERCANDANDE, as Assignee of THERESA FERRAIOLI, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Motion for reargument denied, without costs. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

FRANK MEYER, as Administrator, etc., of ROBERT MEYER, Deceased, Respondent, v. THOMAS INGUAGGIATO and Others, Appellants.— Motion for leave to appeal to the Court of Appeals denied. Stay granted until the granting or final refusal by the Court of Appeals of leave to appeal. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Respondent, v. RUBEL CORPORATION, Formerly Known as RUBEL COAL AND ICE CORPORATION, Appellant. — Motion for leave to appeal to the Court of Appeals denied. Stay granted until the granting or final refusal by the Court of Appeals of leave to appeal. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

CATHERINE BRENNAN and CATHERINE E. BRENNAN, as Administratrices, etc., of WILLIAM M. BRENNAN, Substituted in Place of WILLIAM M. BRENNAN, Deceased, Respondents, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— In an action to recover for personal injuries sustained by the substituted plaintiffs' intestate, who was a passenger seated in defendant's trolley car, and whose arm came in contact with a truck which the trolley car was passing, judgment entered on the verdict of a jury in favor of plaintiffs' intestate reversed on the law and the facts and a new trial granted, with costs to abide the event. (1) Under the facts in this case a motorman's duty is not to be measured by a very high degree of care but by the care of a reasonably prudent man under the circumstances. (2) Although counsel for plaintiffs' intestate disclaimed that defendant's liability could be predicated upon the absence of bars on the side of the window, he was permitted to argue the contrary to the jury. This was error. (3) In the interest of justice there should be a new trial. Lazansky, P. J., Johnston, Adel and Close, JJ., concur; Carswell, J., concurs on grounds 2 and 3 for reversal and a new trial.

OSCAR CARLSON, Respondent, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant.— In an action for personal injuries, plaintiff has recovered judgment on the theory that while entering a subway train the door closed upon his arm and leg and the train proceeded while his coat was fastened between the door and the center post, causing him to fall against a pillar. Judgment reversed on the facts and a new trial granted, with costs to appellant to abide the event. In our opinion the verdict is against the weight of the credible evidence. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.