ADALINE E. ROE, Respondent, *v.* THE CITY OF MIDDLETOWN, ORANGE COUNTY, NEW YORK, Appellant.

Second Department, June 30, 1941.

*Walter E. Deisseroth, Corporation Counsel,* for the appellant.

*Grant A. Roe,* for the respondent.

PER CURIAM. The plaintiff is the owner of certain premises located on Houston avenue in the city of Middletown. A brook known as Draper brook meanders through said city, flowing in a generally southerly direction. The channel of this stream passed through the plaintiff's premises between her residence and Houston avenue. Shortly before entering her premises there was a sharp bend in the channel toward the left and shortly after leaving her premises there was a sharp bend to the right. The topography of that portion of the city is generally low and the brook, which was walled in and covered over, frequently overflowed, with resulting damage to property in the neighborhood. In an effort to remedy this defect the defendant constructed a new channel,

consisting of a concrete box ten feet wide and four feet high. Adjacent to the plaintiff's premises this new channel was placed entirely in the bed of Houston avenue. The plan offered in evidence demonstrates that the new channel eliminated the former bends in the old channel and again entered the old channel some distance south of the plaintiff's property. When it was completed the old channel was abandoned. It was originally planned to fill this discarded channel with earth. Consents were obtained from the owners of property up-stream from the plaintiff but the plaintiff refused to give her consent. The defendant then constructed a bulkhead in the old channel approximately on the northerly boundary line of the plaintiff's premises and filled the old channel down to that bulkhead with loose earth, rocks and stones for a distance of approximately 150 feet. In Houston avenue below or south of the plaintiff's premises the defendant constructed two concrete walls designed to throw whatever water was in the old channel into the new channel through an opening left for that purpose. After the work was completed this action was instituted for money damages and a mandatory injunction.

The complaint contains eight separate causes of action. The first is for trespass. The second is for unlawful diversion of the waters of the brook. The third is based upon the theory that by the construction of the new channel, drainage from the plaintiff's premises was prevented from entering Draper brook. The fourth is based upon a claim that the flowage capacity of Draper brook has been reduced and water backed up on the plaintiff's property. The fifth contains a claim that the acts of the defendant have caused water to collect on the plaintiff's premises and made the ground wet and marshy causing plaintiff's house and garage to settle. The sixth cause of action alleges a change of grade in Houston avenue. The seventh is for damages caused by breaking a flag stone. The eighth alleges that the defendant has wholly or partially filled the old channel, above, below and on the plaintiff's premises and unlawfully blocked and obstructed said stream, and seeks a mandatory injunction to compel the removal of all fill from the old channel and its restoration to its original condition, above, below and on the plaintiff's premises. From a judgment awarding money damages and a mandatory injunction directing the defendant to remove all the fill and restore the old channel to its original condition, the defendant appeals.

The damages allowed for repairing the buildings on the plaintiff's premises are in excess of those demanded in the cause of action setting forth damages to the buildings and must be reduced to the amount demanded in the complaint.

The construction of the new channel was a duly authorized public improvement and the defendant may not be held responsible for damages incidental to such construction. (*Chase-Hibbard M. Co.* v. *City of Elmira*, 207 N. Y. 460; *Howard* v. *City of Buffalo*, 211 id. 241.) The only wrong suffered by the plaintiff for which she is entitled to recover is based upon the action of the city in placing fill in the old channel on her premises, thereby causing water to back up about the buildings with resultant damage, for which she has recovered money damages. The defendant admits that street drains empty into the old channel from Houston avenue. The deposit from such drains will be continuous and will in the future cause water to back up in the old channel even though it be once again restored to its former flow level. This condition necessitates that the channel be kept clean in the future.

The judgment should be modified on the law and the facts by reducing the recovery allowed to $800, and by limiting the mandatory injunction to compelling the defendant to restore and perpetually keep the old channel to its original flow level from the northwesterly line of the plaintiff's premises to the point where the old channel joins the new concrete box. As so modified, the judgment should be affirmed, without costs.

We find that each cause of action except the fifth and the eighth should have been dismissed, for failure of proof. Inconsistent findings and conclusions should be reversed and new findings and conclusions made in accordance with this opinion.

Present — LAZANSKY, P. J., HAGARTY, ADEL, TAYLOR and CLOSE, JJ.

Judgment modified on the law and the facts by reducing the recovery allowed to $800, and by limiting the mandatory injunction to compelling the defendant to restore and perpetually keep the old channel to its original flow level from the northwesterly line of the plaintiff's premises to the point where the old channel joins the new concrete box. As so modified, the judgment is unanimously affirmed, without costs.

Inconsistent findings and conclusions are reversed and new findings and conclusions will be made in accordance with opinion.

Settle findings on notice.