STELLA BARBATO, Respondent, *v.* KATHERINE M. VOLLMER, as Executrix of CHARLES H. VOLLMER, Deceased, Appellant.

ALFRED BARBATO, Respondent, *v.* KATHERINE M. VOLLMER, as Executrix of CHARLES H. VOLLMER, Deceased, Appellant.

Third Department, January 7, 1948.

*Ira H. Michael* for appellant.

*Floyd J. Reinhart* for respondents.

DEYO, J. These actions arise out of the personal injuries suffered by the plaintiff wife, when the driver of the defendant's bus in which she was riding, on being unable to ascend a hill on a public street in Amsterdam, New York, in the conventional manner, due to the fact that there were too many persons on the bus, turned around and attempted to back up the hill, and while so doing, ran into a truck which was either descending or standing still and which the driver was unable to see because of the crowded condition of the bus.

The defendant's appeals are based on alleged errors in the charge and on the grounds that the verdicts are excessive.

The Trial Judge charged that the defendant, as a common carrier, was required to use a " high degree of care " in the operation of its bus, " the highest degree of care " in the maintenance of its equipment, and a " very high degree of care in the selection of its equipment, taking into consideration the routes over which the equipment will be required to travel." He declined to charge, except as already charged, that " it is for the jury to determine what a high degree of care means to them and what the highest degree of care means to them."

As a general rule when the negligence of a common carrier is predicated on the conduct of its operator, the rule of ordinary care should be applied. (*Stierle* v. *Union Ry. Co.*, 156 N. Y. 70; *Glick* v. *N. Y. Rapid Transit Corp.*, 259 App. Div. 1044; *Brennan* v. *Brooklyn & Queens Transit Corp.*, 258 App. Div. 1055; *Kelly* v. *Int'l. Ry. Co.*, 214 App. Div. 652; *O'Brien* v. *N. Y. Railways Co.*, 185 App. Div. 867.) However, the degree of care is always commensurate with the danger to be avoided. (*Roach* v. *Yonkers R. R. Co.*, 242 App. Div. 195.) As was said in *Taddeo* v. *Tilton* (248 App. Div. 290, 293). " In every case the degree of care to be exercised depends upon the circumstances. The strict rule would be proper in a case where the accident was the result of a situation from which grave danger might be expected, and which, therefore, imposed upon the carrier's servants the duty to exercise the utmost skill and foresight to avoid it."

In the instant case the attempt on the part of the bus driver to back a bus loaded with passengers up a city street, when admittedly, he could not see what was behind him, was clearly " a situation from which grave danger might be expected," and hence, the charge that the driver was called upon to use a high degree of care or even the highest degree of care was not only proper, but essential.

If the negligence of the carrier be predicated upon the use or maintenance of defective equipment, then the obligation of the carrier is to exercise the highest degree of care " which human prudence and foresight could suggest ". (*Levine* v. *Long Island R. R. Co.*, 289 N. Y. 591, 592; *Stierle* v. *Union Ry. Co.*, 156 N. Y. 70, 78, *supra; Taddeo* v. *Tilton,* 248 App. Div. 290, 293, *supra.*) The defendant does not seriously disagree with this principle as a matter of abstract law, but maintains that the facts in the case did not warrant a finding by the jury of any negligence on the part of the carrier in connection with the maintenance and selection of its equipment, and hence, that the charge was erroneous. (*Frey* v. *Long Island R. R. Co.*, 272 App. Div. 938.) This is not so. Under the facts presented the jury might well have predicated the defendant's negligence upon its failure to select, provide and maintain a bus having sufficient power to ascend, fully loaded, every grade on the route it was obliged to travel. Its obligation in this respect, in accordance with the rule above stated, was to exercise the highest degree of care possible, " taking into consideration " as the Trial Judge said, " the routes over which the equipment will be required to travel." The charge was therefore proper in this respect.

The trial court's refusal to charge as the defendant requested did not constitute error. In the first place, the request was technically incorrect. The degree of care, whether it be high, very high or highest, is to be measured by the standard of what reasonable and prudent men would do under similar circumstances, and not by what the individual members of the jury might think the terms meant. A refusal to charge in accordance with a request which is indefinite or uncertain or states the law incorrectly, does not constitute error. (*Mintz* v. *Equit. Life Assur. Soc.*, 249 App. Div. 914, affd. 276 N. Y. 546; *Tapley* v. *N. Y. Dock Ry.*, 199 App. Div. 664, affd. 234 N. Y. 570.) Moreover, the Trial Judge had already, and properly, charged that the degree of care to be exercised, " should be commensurate with the dangers to be avoided, and of course the greater danger to be reasonably anticipated, the greater care is required to be

exercised.'' This statement plus other similar ones in the charge fairly, fully and adequately covered the issue sought to be raised by this request, and nothing further was necessary. The request to charge, even if it had correctly stated the law, was therefore properly refused. (*Katz* v. *Travelers Indemnity Co.*, 233 App. Div. 369.)

As a practical matter, any discussion of the terms relative to the degree of care is academic in this case, for clearly, the maneuver which this driver attempted was so foolhardy and so pregnant with risk that the Trial Judge would have been fully justified in ruling that the defendant was guilty of negligence as a matter of law, and sending to the jury only the question of damages.

The plaintiff wife suffered a sprained ankle and a bruise in the region of a prior appendectomy incision with attendant pain, suffering and inconvenience. She was confined to her bed for a week or ten days. She testified she was still suffering residual effects from the injuries and continued under her doctor's care for almost a year. From the nature and extent of those injuries and the resulting period of disability the jury was justified in awarding damages of $5,000.

Likewise in the plaintiff husband's case for loss of services the evidence justified the verdict. However, since his complaint demanded only $1,000, that verdict must be reduced accordingly.

The judgment in favor of the plaintiff husband, Arthur Barbato, should be modified by reducing the damages to the sum of $1,000, as demanded in the complaint, and as so modified should be affirmed; and the judgment in favor of the plaintiff, Stella Barbato, should be affirmed, with one bill of costs.

HILL, P. J., HEFFERNAN, FOSTER and RUSSELL, JJ., concur.

Judgment in favor of the husband, Arthur Barbato, is modified by reducing the damages to the sum of $1,000, as demanded in the complaint, and as so modified, affirmed; and judgment in favor of the plaintiff, Stella Barbato, affirmed, with one bill of costs.