■ MICHAEL HANSEN, Respondent-Appellant, v. CAULDWELL-WINGATE Co. et al., Appellants-Respondents.— Motion by appellants-respondents for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ. [See *ante,* p. 757.]

■ In the Matter of JOHN SUCHERNICK, Respondent. JEAN SUCHERNICK, Appellant.— Motion to dismiss appeal granted, without costs, and appeal dismissed. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ In the Matter of the Arbitration between UNDERHILL CONSTRUCTION CORP., Respondent, and SANSOUCI REALTY CORP., Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present—Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ. [See *ante,* p. 718.]

■ ROSE C. ADELMAN, Respondent, v. JACOB F. ADELMAN, Appellant.— Respondent obtained a judgment of separation from appellant which, among other things, awarded respondent exclusive possession of premises owned by the parties as tenants by the entirety, and directed appellant to surrender possession thereof by a specified date. When appellant moved, he took certain furnishings from the premises. Respondent, by order to show cause, moved for various forms of relief, including a direction that appellant pay $1,000 for furniture and carpeting removed, and pay a counsel fee for making the application. Two of the items, not here pertinent, were denied by the Special Term. The court, however, modified the judgment, after hearings, so as to direct appellant to pay respondent $1,338.76, for the furniture and carpeting removed, and allowed her a counsel fee of $100. The appeal is from the order insofar as it modified the judgment and awarded the counsel fee. Order, insofar as appealed from, reversed, without costs, and motion insofar as it seeks payment for the furniture and carpeting removed and a counsel fee for making the application, denied, without costs. Aside from the impropriety of allowing respondent more than she requested (cf. *Roe* v. *City of Middletown,* 262 App. Div. 231, 232), we are of the opinion that the learned Special Term was without power to modify the judgment of separation in the manner which it did. The jurisdiction of the courts of this State in matrimonial actions is limited to such powers as are expressly conferred upon them by statute. (*Langerman* v. *Langerman,* 303 N. Y. 465, 470.) We find no authority in section 1170 of the Civil Practice Act, relied on to sustain the modification of the judgment, for the fixation by the court, on motion in a separation action, of an allowance for furniture taken from the parties' home and a summary direction that appellant pay such amount. (Cf. *Doe* v. *Doe,* 52 Hun 405, 417; *Allen* v. *Farmers' Loan & Trust Co.,* 18 App. Div. 27, 35.) If respondent claims ownership of the personal property involved, she may, if so advised, institute an appropriate action based on such claim. The court being without power to grant the main relief requested, a counsel fee for making the application should not have been allowed. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.