■ WALTER MICHALOWSKI, Respondent, v. FREDERICK J. EY, Office of Property Custodian, Nassau County Police Department, Appellant.— In an

action to recover a motor vehicle, or, if possession cannot be given, $1,000, its alleged value, together with $4,000 damages for its detention, the appeal is from so much of a judgment as awarded respondent $6,253.34 damages for the wrongful detention of the motor vehicle. On a prior appeal in this action, the Court of Appeals held that respondent "was entitled not only to possession of the vehicle, but also to damages for its wrongful detention" and remitted the matter to the trial court for the assessment of damages. (*Michalowski* v. *Ey*, 4 N Y 2d 277, 281). At the trial pursuant to such remission, the parties stipulated that the value of the chattel at the time of taking was $4,000, that its value at the time of the commencement of the action in April, 1953 was $1,000, and that its then value was $200. The trial court found that respondent was entitled to recover interest on the $4,000 value of his property from the time of the taking to the time of trial, which interest amounted to $2,453.34, and that he was also entitled to recover $3,800 for the depreciation of his property, which was determined by its value at the time of taking less its present value. Accordingly, total damages for the wrongful detention were awarded in the sum of $6,253.34. On this appeal appellant contends that respondent is not entitled to any damages for the detention of the vehicle and that, in any event, the measure of damages is incorrect. Judgment modified on the law by striking from the second decretal paragraph the figure " $6,253.34 " and by substituting therefor the figure " $4,000.00 ". As so modified, judgment insofar as appealed from unanimously affirmed, without costs. The findings of fact are affirmed. In view of the determination by the Court of Appeals on the prior appeal, the question of whether respondent is entitled to damages may not be raised in this court. (Cf. *Griffen* v. *Manice*, 74 App. Div. 371, 372, affd. 174 N. Y. 505; *Milliken Bros.* v. *City of New York*, 156 App. Div. 930, affd. 215 N. Y. 750; *Gucker* v. *Town of Huntington*, 254 App. Div. 10, 11; *Matter of Protestant Episcopal Public School*, 86 N. Y. 396, 398; *O'Brien* v. *Seybolt*, 163 App. Div. 162, 164–165.) If there has been any oversight or inadvertence in the decision of the Court of Appeals, the remedy is lodged exclusively with that court. (Cf. *Fulton* v. *Krull*, 151 App. Div. 142, 147.) In our opinion, the rule of damages as applied by the trial court was proper. (Cf. *Allen* v. *Fox*, 51 N. Y. 562; *Young* v. *Willet*, 8 Bosw. 486.) However, the complaint demands damages only of $4,000; there was no motion to amend the complaint, and respondent's recovery should, therefore, be limited to that amount. (Cf. *Corning* v. *Corning*, 6 N. Y. 97, 105; *Roe* v. *City of Middletown*, 262 App. Div. 231, 232; *Barbato* v. *Vollmer*, 273 App. Div. 169, 172.) Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.