■ JOSEPH AMITRANO et al., Doing Business as AMITRANO BROTHERS, Respondents, v. CITY OF NEW YORK et al., Defendants, and COLUMBIA ASPHALT CORP., Appellant.— The action is for damage to property by water. It is claimed that mud seeped through a hole in a cellar wall. The cellar was rented by plaintiffs and they had merchandise stored there. There is no claim that defendant caused the hole in the wall. Defendant was engaged under a subcontract with the City of New York in paving the street. Defendant was not shown to have done anything that directed the flow of water toward the property occupied by plaintiffs, or to have failed to do anything that good or usual practice dictated should have been done to avoid such a contingency. The making of an improvement which in effect directed the flow of surface waters is not in itself actionable (*Kosoff* v. *Rathgeb-Walsh,* 3 N Y 2d 583). The same is true where the construction is done by a municipality in the course of an improvement (*Roe* v. *City of Middletown,* 262 App. Div. 231). Here there was no proof where the water came from. It was just as probable that it came from seepage of water into the soil below the sidewalk, undisturbed by anything defendant did. This soil, loosened by the rain water, could have entered the cellar through the hole in the wall and might well have been kept out if the hole had not been made. Concur — Rabin, J. P., Stevens and Steuer, JJ.; Valente and Eager, JJ., dissent in the following memorandum: We dissent. The evidence was sufficient to permit a jury reasonably to conclude that the damage to plaintiff's property, as a result of water entering into plaintiff's basement, was caused by negligence of defendant in leaving an excavation unprotected so that water from falling rain collected in pools and in failing to make alternate provisions for the channeling of drain water into the sewage system after altering the existing water course. We would therefore affirm the judgment.

■ PAULINE KORNFELD et al., Appellants, v. MARTA E. KIEPURA, Respondent.— In this negligence action we find that the verdict for defendant found by the jury was amply justified by the evidence. Plaintiff was not prejudiced by any disposition made by the trial court; in fact, all the applications complained about were granted. Plaintiff did have the services of an interpreter and the court did await the arrival of the police officer. The fact that these applications were granted with unfortunate curtness did not affect the outcome of the trial. No purpose is served by the degree of abruptness exhibited here, well intentioned as it evidently was, and it may in some instances result in prejudice. Nor does it actually serve to expedite disposition of a case, though the desire to accomplish that purpose undoubtedly induced the attitude. Concur — Botein, P. J., Breitel, Valente, McNally and Steuer, JJ.