RAY RICHARDSON, Respondent, *v.* THE NASSAU ELECTRIC RAILROAD COMPANY, Appellant, Impleaded with G. B. SEELEY'S SON, INC., Defendant.

Second Department, January 23, 1920.

Negligence — motor vehicles — railroads — injury to passenger on trolley car caused by collision between car and motor truck — erroneous charge as to degree of care imposed upon railroad company — evidence — right to examine notes used to refresh recollection of witness.

Where in an action to recover for injuries to a person who was riding on the defendant's trolley car occasioned by a collision between the trolley car and the motor truck of another defendant, there is a radical issue of fact between the defendants as to whether the motorman of the trolley car or the driver of the automobile was responsible for the collision, it was error for the court to charge in substance that while the owner of the truck was required to use only ordinary, reasonable diligence to see that no conduct on the part of its driver should bring injury to such passenger, it was, on

the other hand, the duty of the railroad company to use a very high degree of care on the theory that a passenger intrusts his person to the carrier and does not control the operation of the vehicle.

*It seems*, that while such charge as to a very high degree of care might be proper in certain cases where there was no dispute as to the facts, it was not proper in the case at bar as it stated a mere abstract principle without reference to the facts of the case. Instructions should refer to the particular facts in the case before the jury.

Moreover, it was error in such action to refuse to compel a medical expert called by the plaintiff to show to the defendant's attorney certain notes which he had used to refresh his recollection when testifying at the trial.

APPEAL by the defendant, The Nassau Electric Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 7th day of November, 1918, upon the verdict of a jury for $10,000.

*John L. Wells* [*George D. Yeomans* with him on the brief], for the appellant.

*Gilbert D. Steiner*, for the respondent.

PER CURIAM:

We think the learned trial justice erred in his instructions to the jury as to the degree of care to be exercised by the motor-man operating appellant's trolley car. He told the jury that the duty of the defendant owner of the truck which collided with the car was " ordinary, reasonable diligence to see to it that no conduct on the part of its driver should bring injury to the passenger * * * in this car; while on the other hand, the care of the railroad company was that of a very high degree, because a passenger entrusts his person to the carrier and does not control the operation of the vehicle in any shape, and is entitled to a safe transportation in so far as a very high degree of care will conserve it; so the motorman of the trolley car was bound to observe a very high degree of care to the end that no passenger upon his car should be injured where by the exercise of such care there would have been safety." The railroad company excepted to this instruction to the jury. The trouble with the charge is that it states an abstract principle in general

terms without reference to the particular facts in the case before the court and jury. It may be that in a case where there was no dispute about the facts the court might be warranted in charging that a litigant was bound to use a very high degree of care. But there was a radical dispute of fact between the railroad company and the owner of the truck in collision with the car — the motorman testifying that he was proceeding at a moderate rate of speed; that approaching the crossing he had shut off his power and brought his car nearly to a stop to allow another automobile to cross in front of him going in the opposite direction from that of the truck with which he collided, and his claim was that the latter truck suddenly came out from the other side of the first automobile at high speed within a few feet of the front of the trolley car at a time when it was impossible to avoid striking it. On the other hand, the defendant truck owner contended that the trolley car came down to and over the crossing at high speed and without slackening speed and crashed into the truck which was in full view as it approached the trolley track. The degree of care to be exercised is commensurate with the danger to be avoided; the surrounding facts and conditions when in dispute must be ascertained. The greater the danger the greater the care required. If the jury found that the truck in collision was in plain sight as the trolley car approached, practically on the track, they might well hold the motorman to a very high degree of care in operating his car; whereas, if the way was apparently clear and the truck suddenly came on the tracks without warning and within a few feet of the motorman, a different rule would apply. Indeed, in case of an emergency brought about without negligence on the part of the motorman, if the jury so found, the defendant railroad company was not liable because the motorman failed to use a very high degree of care. And the same rule applies to the driver of the truck. The instruction should refer to the particular facts in the case before the court. The use of adjectives and reference to degrees of negligence and contributory negligence in general terms in the charge to a jury are apt to be misleading unless their attention is directed to the precise issue of fact between the parties. The question here involved has been recently considered by this court in the First Department, where the authorities are

collated in the opinion of the court, written by Mr. Justice
LAUGHLIN and concurred in with separate opinions by the
presiding justice and Mr. Justice PAGE. (*O'Brien* v. *New
York Railways Co.*, 185 App. Div. 867.)    There was also
error in the refusal of the learned trial justice to compel the
plaintiff's medical expert to exhibit the notes made by him of
his physical examination of plaintiff.    The witness was asked
on cross-examination: " By the way, you have notes there,
haven't you?  A. Notes of my examination.  *  *  *  Q.
Did you refresh your recollection from the notes that you have
there?  A. I did, and hearing some of this case yesterday.
Q. Do you mind letting me see those notes?  A. I don't
think I ought to let you see them.    There is certain conclusions
here."    The learned court ruled that the witness was not
obliged to exhibit the notes to defendant's counsel and denied
defendant's request that he be allowed to see them, to which
ruling defendant excepted.    We think the defendant was
entitled to examine the notes referred to.    (*Schwickert* v.
*Levin,* 76 App. Div. 373.    See, also, *State* v. *Deslovers,* 40 R. I.
89, and cases there cited at page 106.)

The judgment should be reversed and a new trial granted,
with costs to appellant to abide the event.

JENKS, P. J., RICH, PUTNAM, KELLY and JAYCOX, JJ., concur;
JENKS, P. J., in separate memorandum, and PUTNAM, J., on
the second ground stated in the opinion.

JENKS, P. J.:

I concur for reversal on the authority of *O'Brien* v. *New
York Railways Co.* (185 App. Div. 867).    See, too, *Moshier*
v. *City of New York* (190 App. Div. 111); also on authority
of *Schwickert* v. *Levin* (76 id. 373).

Judgment reversed and new trial granted, with costs to
appellant to abide the event.