ROBERT KELLY, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant, Impleaded with CLYDE C. BAKER and Another, Defendants.

Fourth Department, November 25, 1925.

Street railways — action by passenger of street railway to recover for injuries suffered when motor truck ran into street car at street intersection — error to charge that street car company owed plaintiff very high degree of care.

In an action to recover damages suffered by plaintiff who was injured while a passenger on one of defendant's street cars when a motor truck ran into the street car at a street intersection, it was error for the court to charge, without qualification, that the street railway company owed the plaintiff a very high degree of care not to injure him through any negligence on its part, while the other defendants, the owners of the motor truck, owed the plaintiff the duty to be reasonably prudent in the operation of their truck; as a matter of law, the duty of both the motorman and the truck driver was to use the care of an ordinarily prudent person under the circumstances.

APPEAL by the defendant, International Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 28th day of October, 1924, upon the verdict of a jury for $4,500, and

also from an order entered in said clerk's office on the 24th day of November, 1924, denying defendant's motion for a new trial made upon the minutes.

*Gordon Steele* [*Peter A. Schultz* of counsel], for the appellant.

*Donnelly, O'Neil & Lindal* [*Daniel J. O'Neil* of counsel], for the respondent.

PER CURIAM:

The plaintiff, a passenger on a street car of defendant railway, was injured in a collision between the street car and an automobile truck of the other defendants. The accident happened at a street intersection in the night time. The truck ran into the side of the street car. The jury could have found from the evidence that neither vehicle was running at a rapid rate. The only evidence of negligence on the part of the defendant railway was in the operation of the car by its motorman and on the part of the other defendants in the operation of the truck by its driver. Under these circumstances it was error to charge without qualification that the defendant railway owed to the plaintiff a very high degree of care to see to it that he was not injured through any negligence on its part, while the other defendants owed to the plaintiff the duty to be reasonably prudent in the operation of their truck at that particular time so as not to injure him. As a matter of law the duty of both the motorman and the truck driver was to use the care of an ordinarily prudent person under the circumstances. This implies that under differing circumstances a corresponding different conduct is requisite. (*Stierle* v. *Union Railway Co.,* 156 N. Y. 70; *O'Brien* v. *New York Railways Co.,* 185 App. Div. 867; *Richardson* v. *Nassau Electric R. R. Co.,* 190 id. 529.)

There was in this case no " grave danger " such as is referred to in the *O'Brien* case.

The judgment and order should be reversed on the law and a new trial granted as to the defendant railway company, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide the event.