PAOLO SANUCCI, Appellant, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Fourth Department, May 2, 1928.

**Railroads — injury to passenger — plaintiff was on passenger train which had stopped at station — accident occurred in winter on very stormy day — passenger train which had right of way over south switch stopped about seventy feet beyond usual stopping place and after engine had entered switch — freight train going in opposite direction on main track struck engine of passenger train and plaintiff suffered injuries as result of collision — right of way of passenger train was known to both crews — defendant obligated to use care commensurate with actual circumstances existing — verdict in favor of defendant is against weight of evidence.**

The plaintiff, while a passenger on one of defendant's trains, was injured when a freight train proceeding in the opposite direction ran into the passenger train at a railroad station. Concededly there was no contributory negligence on the part of the plaintiff. The verdict of the jury in favor of the defendant is contrary to the weight of the evidence. It appears that the accident occurred about noon time on January 21, 1924, during a severe snow storm, characterized by witnesses as a blizzard. The passenger train which had the right of way over the south switch at the station was late and when it stopped at the station the engine was about seventy feet beyond the usual stopping place and had entered the south switch, so that it was partially, at least, off the main track. A freight train containing about fifty loaded cars, which was to pass the passenger train at that station, slowed down before it reached the station, but failed to stop, and as a result the engine of the freight train struck the side of the engine of the passenger train and tipped it over. The collision threw the plaintiff to the floor of the car and he suffered the injuries for which he is

seeking damages. The evidence shows also that both crews knew that the passenger train had the right of way at that station over the freight train, and that it was to enter the south switch and thereby pass the freight train. The weather conditions were such that it was impossible to see far ahead of the moving trains.

The defendant was obligated to use care fully commensurate with the situation under the actual conditions at the time of the accident. Those conditions included the fact that a blizzard was in progress, that the trainmen on both trains knew that the trains were to meet and pass at that station, the physical situation known to the trainmen, and the fact that one of the trains was a passenger train on which were passengers who had intrusted their safety to the defendant.

It was the duty of the employees, under the circumstances, to use more than usual caution and more care than was ordinarily required for the same train operation. It cannot be said that the collision was due entirely to weather conditions, especially in view of the evidence which shows that the trainmen did not exercise reasonable care under the circumstances.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Orleans on the 29th day of May, 1926.

*Slee, O'Brian, Hellings & Ulsh* [*John Lord O'Brian* of counsel], for the appellant.

*Rann, Vaughan, Brown & Sturtevant* [*Raymond C. Vaughan* and *Noel S. Symons* of counsel], for the respondent.

TAYLOR, J. Two of defendant's railroad trains collided. Plaintiff was riding upon one of them as a passenger. The action is for damages for personal injuries received. This appeal is from a judgment entered upon a jury verdict of no cause of action. Concededly there was no contributory negligence in plaintiff. So the verdict meant either no negligence in the railroad employees or that plaintiff suffered no damage.

The mishap occurred near noontime on January 21, 1924, at the station of the defendant at Middleport, N. Y. It was a very cold day, snowing hard and so windy that some of the witnesses characterized the storm as a blizzard. The passenger train in which plaintiff was riding came alongside the Middleport station from the west, and stopped with its locomotive a few feet easterly of the points of a switch leading into a track immediately southerly of the main line, upon which the passenger train came in. It had been the intention of the engineer of the passenger train to stop before his locomotive entered the switch. This train had the right of way for the southerly siding. The defendant claims that the passenger engineer ran some seventy feet beyond the regular stop because the storm was so severe that the trainmen could not see the switch. While the passenger train was thus standing,

the side of its locomotive was struck by the left front corner of the locomotive of a freight train coming from the east upon the same track. The impact overturned the passenger locomotive, which weighed some ninety-seven tons. When the collision occurred, the engineer and the fireman of the passenger train were on the southerly side of the engine cab where they could not well observe the freight train. There is no testimony that the operator of either locomotive gave any signal by bell, whistle or otherwise. The freight train consisted of over fifty cars, mostly loaded. The trainmen of the freight knew from orders received that they were to permit the passenger train to make the switch to the southerly track at Middleport and that that train had the right of way. It seems that the engineer of the freight train was aware that he was nearing the Middleport station since he had slowed down for the stop. His duty was to stop while his locomotive was clear of the switch to the south-bound track. The trainmen of the freight train claimed that they were keeping a lookout ahead, but could not see farther than the front of their locomotive because of the snow and steam.

Appellant contends that errors requiring reversal were committed on the trial, and also that the verdict is contrary to the weight of the evidence. We have examined the specifications of error and find none of sufficient importance to warrant a reversal. However, we reach a different conclusion as to appellant's other contention.

In handling its trains on this occasion, the defendant's employees, as to a passenger, were obligated to use care at least fully commensurate with the situation and all the circumstances presented. (*O'Brien* v. *New York Railways Co.*, 185 App. Div. 867; *Kelly* v. *International R. Co.*, 214 id. 652.) These circumstances included: (1) The weather conditions; (2) the fact that the trainmen knew that these trains were to meet and pass at the Middleport station; (3) the physical situation known to the trainmen; (4) the fact that in one train were passengers who had intrusted their safety in train operations to the railroad employees. The obligation resting upon the passenger engineer — since he was to stop his train at the station — to realize that in the interest of safety he ought to stop before his locomotive ran into the pathway of the oncoming freight train, and the knowledge of the freight engineer that he should not proceed on his way west until the east-bound passenger train had cleared the switch in front of him, taken in connection with the severe, blinding snow storm, called for more than the usual caution. Reasonable care under all these circumstances meant more care than ordinarily was required for the same train operations. Defendant was not an insurer of plaintiff's safety; but reasonable

vigilance to prevent such a collision — under the existing weather conditions — demanded of the trainmen a degree of effort and caution measuring quite up to the occasion. A conclusion that the collision of these locomotives was due entirely to weather conditions, at any rate not at all to absence of reasonable care on the part of one or more of the railroad employees, does not meet with our approval.

The extent and character of the testimony relative to the transaction, to the physical condition of the plaintiff before and after the collision and to the value of physicians' services required subsequent to the mishap were such that a finding that plaintiff received no physical injury at all was unwarranted.

The verdict was contrary to the weight of the evidence both as to the negligence of the defendant and as to damage to the plaintiff. For that reason we reverse the judgment on the facts and grant a new trial, with costs to the appellant to abide the event.

All concur. Present — Hubbs, P. J., Clark, Crouch, Taylor and Sawyer, JJ.

Judgment reversed on the facts and a new trial granted, with costs to appellant to abide event.