MARIE E. NELSON, Respondent, v. JOHN C. HAEGE, Doing Business as the HAEGE BROTHERS DAIRY, and Another, Appellants.

Fourth Department, March 19, 1931.

*Carroll M. Roberts,* for the appellant Haege.

*Dallas C. Newton,* for the appellant Monroe Cab Corporation.

*Francis J. D'Amanda,* for the respondent.

Per Curiam. Plaintiff was injured through a collision at a street intersection between a truck and a taxicab, in the latter of which plaintiff was a passenger. On the trial of her action for damages against the two claimed joint tort feasors, the learned trial court charged the jury that the truck driver's obligation was to use ordinary care and that the driver of the cab could be held negligent unless he exercised " a very high degree of care " to save plaintiff from injury. This was erroneous. The correct rule as to both drivers was " care commensurate with all the circumstances." (*Kelly* v. *International Railway Co.,* 214 App. Div. 652.) The attention of the court was not called sharply to this point by exception or request. But we cannot say that a factual error did not result from the instruction as given.

The jury brought in this sealed verdict: " Verdict in favor of the plaintiff in the amount of $3,750.00 as follows: Monroe Taxicab Corporation, $2,500.00. Haege Bros. Dairy Co., $1,250.00." The jury could not be sent out to consider the case further under additional instructions for the reason that one juror was absent because of illness. After a colloquy with counsel, the court corrected the verdict to read: " We find for the plaintiff against both defendants in the sum of $3,750.00." The jurymen had not been advised by the court that if they found both defendants negligent and liable, and if they also came to an agreement as to the amount of plaintiff's damages in money, they could not apportion that amount between the two defendants, but must find the total

amount against both. The attempts frequently made by juries to equitably apportion among joint tort feasors liability for damages caused by their negligence, have resulted variously in verdicts contrary to law and difficult of satisfactory adjustment by trial and appellate courts. Such verdicts should, as far as possible, be prevented by definite and complete instructions to juries before they retire to deliberate. Jury verdicts which accurately manifest the conclusion reached by the jurymen are the desideratum, not verdicts resulting from alterations made by courts of reports of juries which are contrary to law.

We also regard the verdict as excessive. Everything considered, the interests of justice demand a new trial of this action. The judgment and the order denying motions for a new trial should be reversed upon the facts as to both defendants, and a new trial granted, with costs to appellants to abide the event.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellants to abide the event.