ANNIE SALADOW and Another, as Administrators, etc., of HARRY SALADOW, Deceased, Appellants, *v.* KEYSTONE TRANSPORTATION Co., INC., Respondent.

First Department, May 4, 1934.

*Jacob Zelenko* of counsel [*Zelenko & Wald,* attorneys], for the appellants.

No appearance for the respondent.

UNTERMYER, J. The plaintiffs, suing as administrators of Harry Saladow, deceased, allege in their complaint that Harry Saladow met death on October 18, 1930, in consequence of injuries

caused by the negligence of the defendant's employee in the operation of the defendant's taxicab. The accident occurred, it is claimed, at the intersection of Intervale avenue and Southern boulevard in the borough of Bronx. The defendant's answer admits ownership and control of the taxicab, but denies the other allegations of the complaint and, as an affirmative defense, charges contributory negligence by the deceased. At the conclusion of the plaintiff's case the complaint was dismissed.

The plaintiffs produced no eye witness to the accident. They called as their witness, however, Thomas Burns, a police officer of the city of New York, who arrived at the scene of the accident while the deceased, then still alive, was being placed by the defendant's driver in the taxicab. The cab, surrounded by a crowd, was facing south and was about twenty feet north of the south crosswalk of Intervale avenue. Burns testified that he observed on the roadway four skid marks about sixty feet in length, all leading directly to the taxicab. He further testified that the left front mudguard was dented and the left front headlight slightly pushed back.

The plaintiffs also offered the testimony of Edward Pointing, attached to the police department in the capacity of automobile expert. This witness testified that he had examined the defendant's taxicab, equipped with four-wheel brakes, on the evening of October eighteenth and had found the brakes, lights, steering assembly and signal device in good condition. The plaintiffs then attempted to establish by his testimony that such a taxicab, with four wheel brakes applied, could not have produced skid marks sixty feet in length unless exceeding the maximum rate of speed allowed by law. The evidence was excluded by the court.

This, we think, was error. The purpose of the evidence was to establish the negligence of the defendant by proof of facts from which the jury could find that at the time of the accident the defendant's taxicab was operated at an unlawful rate of speed. The evidence thus excluded, together with the facts established by the plaintiffs, would have justified the jury in concluding that the defendant's taxicab was driven at such excessive speed that with its brakes powerfully applied over a distance of sixty feet it was unable to avoid striking the deceased. The marks on the roadway, coupled with the condition of the left fender and lamp, unexplained by other proof, would furthermore allow the inference that the deceased was struck by the same taxicab into which he was being lifted by the defendant's employee when Burns arrived. Although this may not be the only possible inference, it is the only reasonable inference, to be drawn from these facts. No question of contributory negli-

gence arises on this record for, the action being for injuries resulting in death, the burden was upon the defendant to establish any contributory negligence of the deceased.

The judgment should be reversed and a new trial ordered, with costs to appellants to abide the event.

FINCH, P. J., MERRELL and TOWNLEY, JJ., concur; GLENNON, J., dissents and votes to affirm.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.