ELIAZBETH ROACH, Respondent, *v.* YONKERS RAILROAD COMPANY and Another, Appellants.

WILLIAM A. ROACH, Respondent, *v.* YONKERS RAILROAD COMPANY and Another, Appellants.

Second Department, July 10, 1934.

*Addison B. Scoville* [*Victor McQuistion* and *Alfred T. Davison* with him on the brief], for the appellant Yonkers Railroad Company.

*William R. Hogan* [*John A. Wallace* and *Frederick Mellor* with him on the brief], for the appellant Marotta.

*Irving Rosenberg*, for the respondents.

HAGARTY, J. Plaintiff Elizabeth Roach, while riding as a passenger in a street car operated by defendant railroad company on a single track in the city of Yonkers, was injured in a head-on collision with a truck driven by defendant Marotta. It is the theory of the railroad company, supported by proof, that Marotta, while driving at a high rate of speed, ran his truck on the track within a few feet of the front of the car at a time when it was impossible to avoid striking it. On the other hand, Marotta contended that for some distance before the accident he had been approaching the defendant's street car immediately behind another automobile. When the automobile ahead pulled to the right, he saw the street car, which struck him before he was able to leave the track.

It was error under the circumstances to charge without qualification that defendant railroad company owed the plaintiff a very high degree of care, while the other defendant owed to the plaintiff the duty of but reasonable care. The degree of care to be exercised is commensurate with the danger to be avoided. If the jury found that the truck in collision had been in plain sight for some distance as the street car approached, they might well hold the motorman to a very high degree of care to avoid the impending collision. If, however, the way was apparently clear, and the truck suddenly entered upon the track without warning and within a few feet of the motorman, a different rule would apply. If an emergency was created by the sudden entrance of the truck on the track immediately in front of the car, the railroad company was not liable because the motorman failed to use a very high degree of care. (*O'Brien* v. *New York Railways Co.*, 185 App. Div. 866; *Richardson* v. *Nassau Electric R. R. Co.*, 190 id. 529; *Kelly* v. *International Railway Co.*, 214 id. 652; *Geyer* v. *International Railway Co.*, 210 id. 574; affd., 240 N. Y. 626; *Sanucci* v. *New York Central Railroad Co.*, 223 App. Div. 517.) Not only, therefore, was the exception to the main charge well taken, but defendant railroad company was entitled to the charge, as requested, that if the jury found that the truck was turned onto the track when the street car was so close that a collision was inevitable in the exercise of reasonable care, defendant railroad company was entitled to a verdict.

As to defendant Marotta, it was error to receive proof of his conviction of reckless driving as *prima facie* evidence of liability. Receipt of such proof is not justified under the doctrine of *Morgan Munitions Co.* v. *Studebaker Corp.* (226 N. Y. 94); *Schindler* v. *Royal Insurance Co.* (258 id. 310) and *Gusikoff* v. *Republic Storage Co., Inc.* (241 App. Div. 889). The doctrine of those cases rests upon the theory that one may not profit by his own wrongdoing and may not maintain an action to which he must trace his title through his own breach of the law, and permits proof of the conviction as *prima facie* evidence of the facts involved.

The judgments of the City Court of Yonkers should be reversed on the law and a new trial ordered, costs to appellants to abide the event.

YOUNG and SCUDDER, JJ., concur; LAZANSKY, P. J., and DAVIS, J., concur in result.

Judgments of the City Court of Yonkers reversed on the law and a new trial ordered, costs to appellants to abide the event.