direction of the attending physician to apply external heat was a professional duty or service on the part of the nurse. The failure of the nurse to remove the bottles upon complaint of the patient constituted a medical failure for which the defendant hospital is not liable, rather than an administrative failure. (See *Sutherland* v. *New York Polyclinic Med. School & Hosp.*, 273 App. Div. 29, affd. 298 N. Y. 682.) All concur. (The judgment is for plaintiff in a negligence action.) Present — Taylor, P. J., McCurn, Love, Vaughan and Piper, JJ.

GEORGE WISNER, Respondent, v. SYRACUSE MEMORIAL HOSPITAL, Appellant.— Same decision and like cause of action as in companion case of *Wisner* v. *Syracuse Memorial Hosp.* (*ante,* p. 1087, decided herewith). Present — Taylor, P. J., McCurn, Love, Vaughan and Piper, JJ.

GREGORY LOPEZ, Appellant, v. GWENDOLYN LOPEZ, Respondent.— Judgment and order affirmed, with costs. All concur. (The judgment dismisses the complaint in an action for an absolute divorce. The order directs plaintiff to pay counsel fees to defendant's attorney.) Present — Taylor, P. J., McCurn, Love, Vaughan and Piper, JJ.

GRACE GRASSE, Respondent, v. LOUIS GRASSE, Appellant.— Judgment affirmed, with costs. All concur. (The judgment is in favor of plaintiff in an action for an absolute divorce.) Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.

MARGERY H. PICKERT, as Administratrix of the Estate of MERLE S. PICKERT, Deceased, Respondent, v. ROCHESTER TRANSIT CORPORATION, Appellant.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: We feel that under the circumstances of this case, the court erred in charging the jury that the defendant was called upon to " exercise the highest degree of care in the operation of the bus ". (See *Glick* v. *New York R. T. Corp.*, 259 App. Div. 1044; *Taddeo* v. *Tilton*, 248 App. Div. 290; *O'Brien* v. *New York Rys. Corp.*, 185 App. Div. 867; *Kelly* v. *International Ry. Co.*, 214 App. Div. 652.) The court also erred in charging the jury, without qualification, that in determining the pecuniary loss sustained by reason of the death of plaintiff's intestate, it might take into consideration " the earnings of the decedent per annum, multiplied by the number of years of life, and your verdict will be the pecuniary loss to the widow." This was followed by the statement that the deceased's expectancy was 38.81 years. Moreover, the finding of the jury that the defendant was negligent in the manner of the operation of the bus or that decedent ever boarded or attempted to board the bus, is against the weight of the evidence. The evidence in the record would seem to indicate that plaintiff's intestate fell and sustained the injuries alleged, by reason of his then impaired physical condition rather than by reason of any act of the defendant. All concur. (The judgment is for plaintiff in a bus-line negligence action. The order denies a motion for a new trial.) Present — Taylor P. J., McCurn, Love, Vaughan and Kimball, JJ.

MARGERY H. PICKERT, as Administratrix of the Estate of MERLE S. PICKERT, Deceased, Respondent, v. ROCHESTER TRANSIT CORPORATION, Appellant.— Same decision and like cause of action as in companion case of *Pickert* v. *Rochester Tr. Corp.* (*ante,* p. 1088, decided herewith). Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.

SOL C. SPIEGEL et al., Respondents, v. MARVIN M. MARCUS, Appellant.— Final order and judgment affirmed, with costs. All concur. (The order reverses a judgment of the Buffalo City Court in favor of defendant and grants judgment