JOHN SERBALIK, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 31053.) JOHN SERBALIK, JR., an Infant, by JOHN SERBALIK, His Guardian ad Litem, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 31054.) LEONA SERBALIK, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 31055.) — The State appeals from a judgment of the Court of Claims, which awarded to the claimant John Serbalik the sum of $200.27, as derivative damages; the sum of $700.93 to his son John Serbalik, Jr., for actual damages; and also from a judgment of $901.20 to his wife Leona Serbalik for actual damages. The accident out of which these claims arose happened on August 7, 1951, at the Hearthstone public camp site at Lake George. There were swings suspended from horizontal bars at this camp site, and Leona Serbalik and her

son John occupied one of those swings on the occasion in question. After swinging for a minute or two the mother and son fell to the ground when the right chain of the swing gave way, and received certain personal injuries that are not in dispute here. Nor is there any dispute as to how the accident happened. The hook which held the right chain to the crossbar opened up and permitted the right chain to give way. The State takes the position, first, that the court below evidently improperly considered this to be a *res ipsa loquitur* case. It is true that the court mentioned that doctrine but our reading of his memorandum decision does not convince us that he rested his decision solely on that basis. There was evidence that would have sustained a finding that the hook which straightened out was worn down to the extent of at least one sixteenth of an inch, and we think the court below should have made that finding specifically. It was found that the hook had not been lubricated in some time, if ever, and again the evidence would have sustained a finding that the failure to lubricate and use caused a wearing away of the inside surface. It is clearly apparent that this wearing away caused the hook to become weaker until it finally became unable to support an ordinary load. It was the duty of the State to keep this amusement apparatus on its camp site in a reasonably safe condition for the purpose for which it was intended. A mere casual inspection of these swings cannot be considered as a sufficient discharge of this duty in view of the use and the wear to which it was evident they would be put. As the court below properly observed the State was required to inspect, properly maintain and supervise the swings. No inspection was made after putting up the swings except casual observation by employees when passing by. We agree with the court below that this inspection was not sufficient and the negligence of the State was the proximate cause of the accident. Judgment unanimously affirmed, with costs. Settle order on five days' notice. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [204 Misc. 2.]