Louis L. Friedman, J.
Both defendants, each through his respective attorney and by way of separate motions, seek to strike paragraphs sixth, seventh and eighth of plaintiff’s complaint, on the ground that the statements contained in those paragraphs are irrelevant. ,
Plaintiff sues to recover for personal injuries sustained by him while he was a passenger in an automobile said to have been owned by defendant Stimfel and operated at the time of the accident by defendant Wittreich. At the time of the accident, the car was being driven on Route 15 in Rockaway Township, Morris County, New Jersey.
In addition to containing the usual allegations which appear in a complaint of this type, there are alleged three paragraphs numbered sixth, seventh and eighth, respectively, which in substance state as follows: Paragraph sixth alleges that while the plaintiff was a passenger in the vehicle, defendants drove it so negligently and recklessly that it struck posts and abutments on the side of the road, causing injury to plaintiff. Without proceeding any further, it appears that this paragraph merely alleges operative facts as to the occurrence of the accident; that it is not irrelevant, and that the application of the defendants with respect to this paragraph must be denied.
Paragraph seventh alleges in substance that as a result of the accident, the driver of the vehicle, defendant Joseph Wittreich herein, was charged by the police of the township where *961 the accident occurred “ with reckless driving in violation of Chapter 39, Section 4, Subdivision 96 of the Revised Statutes of the State of New Jersey relating to motor vehicles.”
Paragraph eighth sets forth that on November 9,1956, before the magistrate of said township, the said defendant pleaded guilty to the said charge and was convicted of reckless driving, in violation of the aforesaid statute, “ and duly paid a $20.00 fine and $5.00 Court costs.”
An examination of the said statute indicates that the conviction for a violation of that section does not constitute the conviction of a crime, but merely of a traffic violation (State v. Shoopman, 11 N. J. 333; Huff v. Goddard Coal & Supply Co., 106 N. J. L. 19).
The general rule that a judgment of conviction is not admissible in a civil case as prima facie evidence of the facts upon which it is based has been increasingly relaxed in the State of New York (Schindler v. Royal Ins. Co., 258 N. Y. 310; Matter of Rechtschaffen, 278 N. Y. 336; Giessler v. Accurate Brass Co., 271 App. Div. 980 [2d Dept.]). In some cases, the court has held that the admission of evidence of a criminal conviction is allowed on the theory that one may not affirmatively seek to obtain an advantage or profit despite his own wrongdoing as shown by a judgment of conviction establishing the facts against him. Nevertheless, it has been held error to receive proof of a conviction of reckless driving in New York as prima facie evidence of the liability of a defendant in a civil action arising out of the same occurrence (Roach v. Yonkers R. R. Co., 242 App. Div. 195). However, the view expressed in the Roach case has since, in effect, been overruled (Giessler v. Accurate Brass Co., 271 App. Div. 980, supra). The Giessler case was an action to enjoin the defendant from operating its factory in such a manner as to constitute a nuisance. The Appellate Division, Second Department, affirmed a denial óf a motion to strike from the complaint allegations that the defendant had been convicted of violating the Penal Law regarding the maintenance of a nuisance and that despite such conviction did nothing to abate the nuisance. The Appellate Division stated that: “In our opinion, proof of defendant’s conviction upon the charge of maintaining the nuisance alleged in the complaint would be admissible as prima facie evidence of the facts involved (Matter of Rechtschaffen, 278 N. Y. 336); and, to the extent that Roach v. Yonkers Railroad Co. (242 App. Div. 195) is in conflict with the Rechtschaffen case (supra), it must be deemed overruled.”
In Walther v. News Syndicate Co. (276 App. Div. 169 [1st Dept.]) the court held that a record of a conviction for a *962 traffic violation, to wit, dangerous driving, after trial on a “ not guilty” plea, is inadmissible, for the purpose of establishing the element of negligence, against the defendant in a negligence action arising out of the same occurrence. (See, also, Merkling v. Ford Motor Co., 251 App. Div. 89.) The court in the Walther case stated (p. 173): “We think that a case like the present offers a factual situation so dissimilar that the rule of the Schindler and Rechtschaffen cases (supra) is not applicable.” At page 175 the court goes on to remark that: “It is our experience that the receipt of proof of a defendant’s conviction for a traffic infraction * * * as evidence in chief to establish some element of a charge of negligence in a civil proceeding is likely to impair the right of a defendant to a fair trial on the issue of civil negligence.”
In Sims v. Union News Co. (284 App. Div. 335, 339 [1st Dept.]) the court declared: “ The case of the traffic infraction occupies a special place of its own; and under the public policy of the State it has no effect beyond the immediate motor vehicle penalty or disability incurred. (See discussion by Callahan, J., in Walther v. News Syndicate Co. [276 App. Div. 169].) ”
It is true that in the Walther case (supra), the court states that that case must be distinguished from those situations in which evidence of conviction on a plea of guilty to a violation of the traffic laws is admissible against the defendant in a civil action. But the court goes on to state that in such cases the record or proof of the defendant’s guilty plea is received not as a judgment establishing a fact or the truth of the facts in support of the charge of negligent driving, but as a declaration or admission against interest. Assuming, in the case at bar, that the guilty plea of the defendant Wittreich is admissible in the instant action as an admission against interest, it still does not constitute proof establishing the fact of the negligence charged to that defendant, but it is solely a matter of evidence to be adduced at the trial.
Under the circumstances, it would appear that paragraphs seventh and eighth of plaintiff’s complaint are irrelevant, have no proper place in the pleading and should be stricken.
The motions made by the respective defendants to strike are therefore denied as to paragraph sixth of the complaint and granted as to paragraphs seventh and eighth. Settle orders on notice.