Margaret C. Thomas et al., Respondents, et al. Plaintiffs, *v.* Central Greyhound Lines, Inc. of New York et al., Appellants, et al., Defendants.

First Department, December 9, 1958.

*Clarence E. Mellen* of counsel (*Norman C. Mendes* and *Mendes & Mount* with him on the brief), for appellants.

*Lester D. Stickles, Myron M. Myers, Leonard A. Arye* and *Herman C. Angstreich* of counsel (*McLaughlin, Stickles, McKean & Hayden,* attorneys), (*Philip A. Levey,* attorney), (*Moser & Arye,* attorneys), (*Sargent & Sand,* attorneys), for respondents.

McNally, J. Appellants Central Greyhound Lines, Inc., and Lionel Nantel appeal from so much of the judgment entered herein on a jury verdict as was rendered against them and in favor of the respondents.

This is a consolidation of several actions instituted by plaintiffs, who were passengers in a bus owned by Central Greyhound Lines, Inc., and operated by its employee Lionel Nantel, for personal injuries sustained by them as the result of a collision between appellants' bus and a truck operated by defendant Rocco Michael De Lorenzo, which was then registered in the name of defendant Dorp Motors, Inc., and was being used in the business of the partnership of which De Lorenzo was a member. Defendant Dorp Motors, Inc., defaulted and was not represented at the trial. The other defendants, however, appeared and participated in the trial and were cast in judgment.

Appellants advance as grounds for reversal errors in the court's charge and the erroneous admission and exclusion of evidence.

Appellants' bus, proceeding northerly on Route 9, a concrete two-lane highway 20 feet in width, about 6 miles north of Schroon Lake, New York, collided with the truck operated by the defendant Rocco Michael De Lorenzo proceeding southerly. The accident occurred on June 26, 1954, at or about 6:00 A.M., Eastern Daylight Time; the weather was misty and the roadway wet. Plaintiffs were passengers in appellants' bus.

In regard to the legal duty owing by each of the operators of the vehicles involved, the court charged as follows: " Generally, both of these defendant drivers were under a duty to these plaintiff passengers to use reasonable care under all of the circumstances prevailing at the time of the accident. However, there is a different standard of duty between the De Lorenzo truck and the Greyhound bus. The truck, as a privately owned and privately operated vehicle, was under a duty to have its driver use the standard of reasonable care which I have just

mentioned. On the other hand, the bus, as a public conveyance for hire and operated in the business of transporting paying passenger fares, is required to exercise a high degree of care in the operation of the bus for the safety of the passengers. That high degree of care which the Greyhound bus driver was required to use is to be measured by the standards of what reasonable and prudent persons would do under similar circumstances. The degree of care to be exercised should be commensurate with the dangers to be avoided. Of course, the greater the danger, under all of the prevailing circumstances to be reasonably anticipated, the greater the care is required to be exercised. The Greyhound bus driver is bound, therefore, to use more than the ordinary usual caution, but is bound to use a high degree of care, taking into consideration all of the conditions prevailing immediately preceding and at the time of the accident.''

Since *O'Brien* v. *New York Rys. Co.* (185 App. Div. 867), the rule in the First Department has been that an operator of a vehicle of a common carrier of passengers is chargeable with the duty of exercising ordinary care commensurate with the existing circumstances.* The rule of the *O'Brien* case has been followed in the Second Department (*Richardson* v. *Nassau Elec. R. R. Co.,* 190 App. Div. 529; *Roach* v. *Yonkers R. R. Co.,* 242 App. Div. 195; *Glick* v. *New York R. T. Corp.,* 259 App. Div. 1044), and by the Fourth Department (*Kelly* v. *International Ry. Co.,* 214 App. Div. 652; *Sanucci* v. *New York Cent. R. R. Co.,* 223 App. Div. 517; *Nelson* v. *Haege,* 232 App. Div. 56).

In *McLean* v. *Triboro Coach Corp.* (302 N. Y. 49), the Court of Appeals found no occasion to pass on the propriety of a charge imposing a '' high '' degree of care in the transportation of passengers. However, *McLean* appears to cast considerable doubt thereon. (See *Krasnow* v. *National Airlines,* 228 F. 2d 326, 328.) We are of the opinion that under the circumstances of this case the imposition, as a predicate for legal liability, upon the operator of the bus of a higher degree of care than that charged in respect of the operator of the truck tended to convey to the jury that appellants' obligation to the passengers of its bus was that of insurer. Judge Fuld observed in the *McLean* case (*supra,* p. 51), and we agree, it is doubtful that '' there can ever be more than one degree of care.'' The degree of care is always the same and that is ordinary care, reasonable

---

* As to the degree of care required for maintenance of equipment, machinery, appliances and roadbed, see *Stierle* v. *Union Ry. Co.* (156 N. Y. 70, 73); *Duhme* v. *Hamburg-Amer. Packet Co.* (184 N. Y. 404, 409); *Levine* v. *Long Is. R. R. Co.* (289 N. Y. 591); *Barbato* v. *Vollmer* (273 App. Div. 169, 171)..

care, or the care which a reasonably prudent person should exercise. The circumstances giving rise to the obligation to exercise such care may and do vary in each case. However, no matter what the circumstances may be, it is reasonable care, or that care which should be exercised by a reasonably prudent person which is the true measure of legal liability. Attempts to variously characterize the degree of reasonable care required depending on the circumstances tend to confuse, particularly when more than one vehicle is involved, one of which is that of a common carrier of passengers.

The charge to the jury presented several bases for legal liability relative to the speed and manner of operation of the vehicles involved, one of them being grounded on subdivision 1 of section 56 of the Vehicle and Traffic Law, which provides as follows: "No person shall operate a motor vehicle or a motor cycle upon a public highway at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property."

Insofar as subdivision 1 requires an operator of a motor vehicle to bring it to a stop without injury to any person, it imposes an absolute obligation without reference to negligence. (*People* v. *Firth,* 3 N Y 2d 472, 475.) In that case defendant's conviction for a violation of the statute was reversed and subdivision 1 declared unconstitutional. We cannot determine on this record whether or not the verdict against the appellants is predicated on subdivision 1. Where a general verdict is rendered in a liability case submitted to the jury on multiple theories of liability, if one of them is legally untenable, the verdict may not stand. (*Morgan* v. *Robinson,* 3 A D 2d 216, 218; *Sharick* v. *Marvin,* 1 A D 2d 284, 287; *McAndrew* v. *5905 Broadway Realty Corp.,* 282 App. Div. 757.)

It was improper under the circumstances herein to exclude testimony of an experiment tending to establish the angle of vision of the plaintiff Demarest seated near a window on the left side of the bus. Demarest testified that immediately prior to the occurrence he observed the center line of the highway 6 to 12 inches left of the left side of the bus and that he lost sight of the center line immediately prior to the collision. The implication of Demarest's testimony was that at or immediately prior to the accident the bus had entered the southbound lane. Other than the operator of the truck, Demarest was the only witness who testified that the bus had deviated from its proper lane. Appellants offered testimony of an experiment conducted in its garage with the bus involved in the occurrence. Appel-

lants' purpose was to establish incapacity on the part of Demarest by reason of physical circumstances to see a line 6 to 12 inches from and parallel with the left side of the bus.

The deposition of the appellant bus operator, read in evidence by the plaintiffs, conveyed to the jury the fact that at the place of the occurrence the road was flat and level. It also appears that before the experiment the bus involved in the occurrence had been restored to its condition prior to the accident. Appellants sought to establish the angle of vision from 8 different points through the window alongside which plaintiff Demarest was seated. The evidence was relevant because the appellants' theory was that the southbound truck entered the northbound lane and collided with appellants' northbound bus, and Demarest's testimony to the opposite effect was very compelling. (*Platner* v. *Platner,* 78 N. Y. 90, 95.) Relevant facts derived from experiments are admissible. (*People* v. *Buchanan,* 145 N. Y. 1, 26; *Saladow* v. *Keystone Transp. Co.,* 241 App. Div. 161; *Day* v. *Johnson,* 265 App. Div. 383, 386.) That the circumstances at the time of the occurrence may have varied in some respects from those at the time the experiment was made affects the weight of the testimony but is not a basis for its exclusion. In certain aspects it would appear that the conditions under which the experiment was made were more favorable to the plaintiffs than those prevailing at the time of the accident. The crown of the road, usually present in order to afford proper drainage, would tend to tilt the bus so that its left side would be higher than its right side thus reducing the field of vision of the area adjacent to the left side of the bus from what it would be if the bus were level as was the case at the time of the experiment. Moreover, the conditions affecting visibility were far more favorable in the garage than on the rainy and misty day of the occurrence.

We are of the opinion that the record here presents prejudicial error requiring a reversal of the judgment, on the law and facts, and, in the exercise of discretion, a new trial. In view of our holding we have not considered the claims of excessiveness.

Botein, P. J., Breitel, M. M. Frank and Bergan, JJ., concur.

Judgment so far as appealed from unanimously reversed on the law and on the facts, and in the exercise of discretion, the action is severed as to the defendants, Central Greyhound Lines, Inc., of New York and Lionel Mantel, and a new trial ordered as to said defendants, with costs to the appellants to abide the result of the final judgment in the action.