■ MILDRED JACKSON, Respondent, v. ASSOCIATED DRY GOODS CORP., Appellant-Respondent, and POSILLICO CONSTRUCTION CO. INC., et al., Appellants.— In a negligence action by plaintiff (a patron of defendant Associated Dry Goods Corp.) to recover damages for personal injuries sustained by her when she fell over debris which had been permitted to accumulate on said defendant's parking lot as the result of an adjacent street-widening operation being performed by the defendant Posillico corporation, as general contractor for the defendant County of Nassau, the said three defendants appeal as follows, as limited by their briefs, from a judgment of the Supreme Court, Nassau County, entered November 14, 1961, on a jury's verdict after trial: (1) All the defendants appeal from such portion of the judgment as awarded $45,179.50 to plaintiff against them. (2) Defendant Posillico corporation also appeals from such portion of the judgment as granted a judgment over against it for $45,115 to defendant Associated Dry Goods Corp. on its cross complaint. Judgment modified on the law and the facts as follows: (a) by striking out from the first decretal paragraph so much thereof as awarded judgment against the defendant County of Nassau, and by substituting therefor a provision dismissing on the law the complaint as to the county, without costs; and (b) by striking out the entire second decretal paragraph which granted judgment over in favor of defendant Associated Dry Goods Corp. on its cross complaint against defendant Posillico Construction Co., Inc., and by substituting therefor a provision dismissing on the law the said cross complaint. As so modified, judgment affirmed, with costs to plaintiff payable by the defendants Associated and Posillico, and with costs to defendant Posillico payable by defendant Associated. With respect to the defendants Associated and Posillico, the findings of fact implicit in the jury's general verdict, are affirmed. With respect to defendant Associated, the jury's special finding that it was guilty of passive negligence is reversed. There is *no* evidence to support such finding as to Associated. With respect to defendant Posillico, the jury's special finding that it was guilty of active negligence is affirmed. On this appeal plaintiff has conceded there is no basis for holding the county liable to her. Our examination of the record also fails to disclose any basis for the county's liability. In our opinion the evidence is sufficient to warrant the jury's finding (which is implicit

in its general verdict) that a dangerous condition was created by the defendant Posillico on the parking lot maintained and controlled by the defendant Associated; that the latter defendant negligently permitted the condition there to remain; and that such condition was the cause of the accident. Upon the record here presented, we hold as a matter of law: (a) that the defendant Associated had an affirmative positive duty to maintain its premises in a reasonably safe condition for the use of its patrons (*Serbalik* v. *State of New York*, 283 App. Div. 1136); (b) that a merely "casual" or "cursory" inspection made by its assistant manager and service manager while they were on their way to work was not sufficient to constitute the performance of such duty by Associated; and (c) that its failure to do its duty constituted *active* negligence (*Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.*, 9 N Y 2d 426). Accepting all the proof in the light most favorable to Associated as third-party plaintiff, we are of the opinion that, under the circumstances here, the proof was insufficient as a matter of law to establish that Associated was merely passively negligent. All the proof shows without contradiction that its negligence was active. There is no evidence to support the jury's contrary special finding. Hence, Associated's third-party complaint must be dismissed on the law upon the ground that, as against Posillico, the third-party defendant, Associated, has failed to make out even a prima facie case of liability over (*Langner* v. *Jessup Holding*, 9 N Y 2d 871, modfg. 10 A D 2d 1 on the basis of dissenting opinion by McNally, J.; cf. *McFall* v. *Compagnie Maritime Belge*, 304 N. Y. 314, 329; cf. *Sagorsky* v. *Malyon*, 307 N. Y. 584, 586). Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.