■ FRANK NORFLEET, JR., Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.

The plaintiff suffered the amputation of both legs above the knee as a result of being run over by one car of the defendant's subway train. At the liability phase of the trial (see, 22 NYCRR former 699.14), the plaintiff explained that as far as he could recall, he had leaned over the platform to observe whether a train was approaching when he became dizzy and fell to the tracks. The defense adduced evidence of the plaintiff's admissions, made within several hours of the accident at the hospital, that he had been imbibing alcohol the entire day and had simply walked onto the tracks.

The issues were sharply contested and key among them was at what point into the 660-foot-long station platform the motorman first saw the plaintiff and activated the emergency switch to stop the train. Extensive and often conflicting testimony was also given by both parties' experts as to the effective stopping distance of the train.

The jury responded in the negative to the first interrogatory posed to it: "Has it been proven by a fair preponderance of the credible evidence that the defendant was negligent and that this negligence was a proximate cause of the accident?"

On the basis of this record, it cannot be said that the jury's verdict was against the weight of the evidence, as it was based upon a fair interpretation thereof (see, Nicastro v Park, 113 AD2d 129). The resolution of issues regarding the credibility of both the expert and lay witnesses and the accuracy of their testimony are matters peculiarly within the province of the jury (see, Sheps v Hall & Co., 112 AD2d 281; Chodos v Flanzer, 109 AD2d 771). The jury could properly have found that the accident was unavoidable because the motorman, operating the train in a reasonable and prudent manner and having activated the train's emergency switch immediately upon spotting the plaintiff, could not have stopped the train in time to avoid striking the plaintiff.

The plaintiff's argument that reversal is warranted because he was unduly prejudiced as a result of several erroneous evidentiary rulings and certain inaccurate statements in the court's charge to the jury is unpersuasive. We cannot say that the trial court abused its broad discretion in admitting evidence proffered by the defendant of a reconstruction of the accident, the participation in which ultimately formed the basis for the motorman's recollection of the point at which he observed the plaintiff and attempted to stop the train. The

circumstances under which the experiment was conducted were sufficiently similar to those existing at the time of the incident to make the result achieved by the test relevant to the issues *(see, Uss v Town of Oyster Bay,* 37 NY2d 639; *Thomas v Central Greyhound Lines,* 6 AD2d 649). The existence of certain dissimilarities in the circumstances attendant to the simulation is not a basis for exclusion of the evidence, but merely affects the weight of that evidence *(see, Washington v Long Is. R. R. Co.,* 13 AD2d 710). Indeed, the plaintiff's attorney emphatically highlighted the variations, both in his cross-examination of the witnesses and in his summation, thus minimizing the significance to be attached to the reconstruction. We note that several of the variations were more favorable to the plaintiff than the conditions prevailing at the time of the accident *(see, Thomas v Central Greyhound Lines, supra,* at p 654).

In marshaling the evidence, the trial court adequately discussed the evidence and related it to the pertinent principles of law and to each party's arguments *(see, Green v Downs,* 27 NY2d 205; *Blaize v City of New York,* 80 AD2d 594). Any prejudice which may have resulted from the claimed inadequacy in the court's review of the evidence, particularly its alleged failure to highlight an inconsistency viewed as significant by the plaintiff between the motorman's deposition testimony and his rendition of the events at trial, was clearly obviated by the court's repeated admonition to the jurors that their own recollections were to control and the effective exploitation of the inconsistency by the plaintiff's counsel during the trial, which is evidenced by the jury's request, during deliberations, for a read-back of that specific excerpt of the motorman's deposition testimony *(see, Rodriguez v Board of Educ.,* 104 AD2d 978).

Finally, we find no merit to the plaintiff's claim that the trial court's charge was erroneous insofar as it instructed the jury to consider, in determining whether the defendant railroad exercised reasonable care, "the circumstances surrounding the plaintiff's presence on the tracks, and whether the railroad had reason to foresee that someone might be on the tracks, either walk on the tracks or lay on the tracks, at the point where the accident happened". This instruction, contained in the New York Pattern Jury Instructions (PJI 2:176 [Supp]), accurately reflects the applicable law *(see, Scurti v City of New York,* 40 NY2d 433) and properly permits the jury to consider the plaintiff's unauthorized and unexpected pres-

ence on the tracks as a factor in determining whether the motorman's actions were reasonable.

We have considered the plaintiff's remaining contentions and find them to be without merit. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.