Thomas PLAGIANOS,
Plaintiff–Appellee,

v.

AMERICAN AIRLINES, INC.,
Defendant–Appellant.

No. 1613, Docket 90–7295.

United States Court of Appeals,
Second Circuit.

Argued Aug. 16, 1990.

Decided Aug. 22, 1990.

David M. Lee, New York City, for plaintiff-appellee.

Thomas Mehrtens, New York City (Downing & Mehrtens, P.C., New York City, of counsel), for defendant-appellant.

Before MINER and ALTIMARI, Circuit Judges, and KELLEHER, Senior District Judge.*

PER CURIAM:

Defendant-appellant American Airlines, Inc. (American) appeals from a judgment entered in the United States District Court for the Southern District of New York (Tenney, J.), after a jury trial, adjudging it 51% liable for personal injuries sustained by plaintiff-appellee Thomas Plagianos. On appeal, American contends (1) that the district court erred in instructing the jury as to the standard of care owed by American to its passengers; (2) that there was insufficient evidence to support the jury's finding of negligence; and (3) that the damages award is excessive. For the reasons that follow, we vacate the judgment and remand the case for a new trial.

## BACKGROUND

During takeoff of an American flight from New York to Puerto Rico, Plagianos was in his seat, wearing a seat belt, when an overhead storage compartment opened suddenly. He testified, "I quickly stood up and with my left hand pushed the luggage in, but as I was standing up to push it in, my seat belt restricted me from going any further, that's when my left leg snapped back and I heard a pop." Plagianos suffered a complete avulsion of the anterior

* Of the United States District Court for the Central District of California, sitting by designation.

cruciate ligament and a tear of the medial meniscus in his left knee, requiring surgery. Testimony at trial indicated that prior to takeoff "[t]he flight attendant walked up and down the aisles, checked the seats ... to see if seat belts were on and occasionally looked at the overhead compartments." No one opened or otherwise touched the compartment above Plagianos' seat between the time of this walk-through and the accident.

The district court included the following in its charge to the jury: "As a common carrier, American is held to a high standard of care, requiring the exercise of the highest or utmost caution for the safety of its passengers." This was an instruction that neither side requested. In accordance with the instructions proposed by the parties, the court also explained that "American and its employees were required to exercise that degree of care which a reasonably prudent common carrier would have exercised under the circumstances," and that it could not be held responsible for conduct "unless the risk of injury was reasonably foreseeable." The jury found American 51% liable for plaintiff's injuries and calculated damages at $180,000, resulting in an award of $91,800 for Plagianos.

## DISCUSSION

 American contends that the court's description of the standard of care as "the highest or utmost caution" was prejudicial error warranting a new trial. A common carrier is held to the same standard of care as any other alleged tortfeasor: It must "exercise 'ordinary care commensurate with the existing circumstances.'" *Crosland v. New York City Transit Auth.*, 68 N.Y.2d 165, 168, 498 N.E.2d 143, 144, 506 N.Y.S.2d 670, 671 (1986) (per curiam) (quoting *Thomas v. Central Greyhound Lines*, 6 A.D.2d 649, 652, 180 N.Y.S.2d 461, 464 (1st Dep't 1958)); *accord Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 64–65 (2d Cir.1988) ("the appropriate standard is one of reasonable care under the circumstances"). A new trial is warranted if, taken as a whole, the jury instructions

gave a misleading impression or inadequate understanding of the law. *See Fernandez v. Fitzgerald*, 711 F.2d 485, 487 (2d Cir. 1983). Prosser and Keeton opine that "the 'high degree' instruction is unlikely ever really to mislead the jury." W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts* § 34, at 209 (5th ed. 1984) (hereafter *"Prosser and Keeton"*). However, the New York State Appellate Division, First Department, has found that an instruction referring to a carrier's high duty of care could mislead the jury when apportioning liability. In *Thomas*, the trial court erroneously charged the jury that, among two alleged tortfeasors, the driver of a common carrier's bus had a higher duty of care than the driver of a private truck. 6 A.D.2d at 651–52, 180 N.Y.S.2d at 464–65. The First Department reversed the judgment apportioning liability, reasoning that "the imposition, as a predicate for legal liability, upon the operator of the bus of a higher degree of care than that charged in respect of the operator of the truck tended to convey to the jury that the [carrier's] obligation to the passengers of its bus was that of insurer." *Id.* at 652, 180 N.Y.S.2d at 465. Considering the charge as a whole, the reference by the district court in the case at bar to a high standard of care may have confused the jury and caused them to believe that American's proportion of fault should be determined using a different standard than that applied to plaintiff. Accordingly, we reverse the judgment and remand for a new trial.

 American's remaining contentions warrant little discussion. It contends that this court should find, as a matter of law, that the flight attendant's inspection of the overhead compartments was reasonable. The assertion in its brief that prior to takeoff on this flight the attendant "checked every metal handle during at least five or six walk-throughs," however, is simply untrue. The attendant testified only that it was her practice to check whether the handle of the compartment was flush with the compartment. The jury could accept plaintiff's testimony that on this particular flight the attendant only "occasionally

looked at the overhead compartments" and could find that such an inspection was not reasonably prudent, *cf. Serbalik v. State*, 204 Misc. 2, 123 N.Y.S.2d 212, 216 (Ct. Claims 1953) ("casual observation by employees when passing by" not reasonable inspection of playground swing), *aff'd*, 283 A.D. 1136, 131 N.Y.S.2d 550 (3d Dep't 1954) (per curiam). American's contention that the sudden opening of the overhead compartment was not the proximate cause of plaintiff's injury also is without merit. A reasonable jury could find that plaintiff's attempt to close the compartment was "closely and reasonably associated with the immediate consequences of" American's negligence. *Prosser and Keeton* § 44, at 307.

Because we remand the case for a new trial, we need not reach American's contention that the damages award of $180,000 for plaintiff's knee injury is excessive as a matter of law.

## CONCLUSION

The judgment of the district court is reversed and the case remanded for a new trial.