Giovanni PATALANO, Gelsomino Patalano and Leonardo D'Alessandro, Plaintiff–Appellee,

v.

AMERICAN PRESIDENT LINES, Maersk Container Lines, Inc., Maersk Lines, Inc., Woodley Maritime Corp., Costamare Shipping Company, S.A., Defendant–Cross–Defendant.

Aktieselkabet Dampskibsselskabet Svenborg, Dampskibsselskabet AF 1912, Aktieselskab, Defendant–Third–Party–Plaintiff–Appellant,

Howland Hook Container Terminal, Inc., Third–Party–Defendant.

No. 06–4870–cv.

United States Court of Appeals, Second Circuit.

Oct. 12, 2007.

Max Muller; Freehill Hogan & Mahar, New York, NY, for Appellants.

Max Cohen; Law Office of Martin Lassoff, New York, NY, for Appellees.

Present: Hon. ROSEMARY S. POOLER, Circuit Judge, Hon. PAUL A. CROTTY,* District Judge.

## SUMMARY ORDER

AKTIESELKABET DAMPSKIBSSELSKABET SVENBORG, and DAMPSKIBSSELSKABET AF 1912, AKTIESELSKAB (hereinafter "MAERSK") appeals from the final judgment of September 29, 2006 of the United States District Court for the Eastern District of New York by the Honorable Nina Gershon, United States District Judge, which disposes of all claims; and from the June 24, 2004 order denying Maersk's motion for summary judgment; and from the November 9, 2005 order denying Maersk's Federal Rule of Civil Procedure, Rule 50 Motion motion which was made at trial; the December 14, 2005, order denying Maersk's post-trial F.R.C.P. Rule 50(b) and 59 motions; and the September 29, 2006 order again denying Maersk's F.R.C.P. Rule 50(b) and 59 motions which were renewed after the entry of judgment.

Defendant–Appellant makes two arguments: first, that the district court erred in denying Maersk's motion for summary judgment and its subsequent motions for judgment as a matter of law; and second, that the district court erred in its jury instructions. First, we review de novo a district court's denial of a post-verdict motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). *See Bronx Household of Faith v. Bd. of Educ.*, 492 F.3d 89 (2d Cir.2007); *Armstrong v. Brookdale Univ. Hosp. & Med. Ctr.*, 425 F.3d 126, 133 (2d Cir.2005). In so doing, we apply the "same standard as the district court itself was required to apply." *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d. Cir.2000). Specifically, we consider the evidence in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences that the jury might have drawn in its favor. *See id.* (noting that reviewing court cannot itself "assess the weight of conflicting evidence, pass on the credibility of witnesses, or substitute [its] judgment for that of the jury"). On such a deferential review of the record, we will reverse the denial of a disappointed litigant's motion for judgment as a matter of law "only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against [the moving party]." *Id.* (quoting *LeBlanc–Sternberg v. Fletcher*, 67 F.3d 412, 429 (2d Cir.1995) (alteration in original)).

The Second Circuit reviews, de novo, a district court's findings with respect to the existence of negligence. *Payne v. United States*, 359 F.3d 132 (2d Cir.2004). However, in negligence cases, the Second Circuit's gives deference to the trial court, and the factfinding body. As the Second

---

* Hon. Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

Circuit explained in 2004 in *Payne,* 359 F.3d at 137:

> [T]he question of the existence of negligence—of the "ought," so to speak—has become primarily one for the factfinder to determine on the basis of the specific and complex events of each individual case.... As such, the issue today is only very rarely whether the trial court has applied the correct *legal* standard. For under present law, such standards are, in New York as elsewhere, unlikely to be determinative. And the primary responsibility inevitably falls, instead, on the factfinder—whether it be court or jury—to assess what, in the circumstances, is appropriate conduct; what the "reasonable person" ought to have done....
>
> ... We have held, for example, that "the trial court's finding should ordinarily stand unless the court manifests an incorrect conception of the applicable law." *Esso Standard Oil, S.A. v. S.S. Gasbras Sul,* 387 F.2d 573, 580 (2d Cir. 1967) (internal quotation marks omitted). We have suggested that the rule only applies to cases "where contrary decisions rest on *exactly the same set of facts.*" *Dinnerstein v. United States,* 486 F.2d 34, 37 n. 2 (2d Cir.1973) (internal quotation marks omitted)(emphasis added). And in a few cases, we have failed to apply the rule at all, upholding district courts' determinations of negligence after declaring that we could not find them "clearly erroneous." *See, e.g., Matthews v. CTI Container Transport Int'l, Inc.,* 871 F.2d 270, 280 (2d Cir. 1989).

With these standards in mind, the district court did not err in denying Maersk's motion for judgment as a matter of law. The issue of duty is not easily separated from the issues of forseeability and risk of harm, rather "[t]he New York Court of Appeals has expressed its inclination to correlate the duty of care owed to a plaintiff with the risk of harm reasonably to be perceived ... and concurrently consider the question of forseeability." *Michalski v. Home Depot, Inc.,* 225 F.3d 113, 121 (2d Cir.2000)(quoting *Basso v. Miller,* 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 352 N.E.2d 868 (N.Y.1976)). In this way, it cannot be argued that the district court erred in determining that questions pertaining to whether Maersk discharged its duty to the plaintiffs through its actions, and whether the plaintiffs were engaged in repairs so as to warrant application of the repair doctrine, were issues to be resolved by the jury, and not by the court on a motion for a judgment as a matter of law.

Second, Maersk argues that the district court erred in its jury instructions. When a proper objection is made below to preserve the issue for our consideration, we review claims of error in jury instructions de novo. *Gordon v. New York City Bd. of Educ.,* 232 F.3d 111, 116 (2d Cir.2000); *see LNC Invs., Inc. v. First Fidelity Bank,* 173 F.3d 454, 460 (2d Cir.1999). A defendant who challenges a jury instruction must establish that he requested an instruction that "accurately represented the law in every respect." *United States v. Yousef,* 327 F.3d 56, 130 (2d Cir.2003) (internal quotation marks omitted). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *LNC Invs., Inc.,* 173 F.3d at 454 (internal quotation marks omitted). "An erroneous instruction requires a new trial unless the error is harmless." *Id.* An error is harmless only if the court is convinced that the error did not influence the jury's verdict. *See id.* at 462. However, a trial court has considerable discretion in the formulation and style of jury instructions. *See Parker v. Sony Pictures Entm't, Inc.,* 260 F.3d 100, 106 (2d Cir.

2001). Thus, a new trial is only warranted if, taken as a whole, the jury instructions gave a misleading impression or inadequate understanding of the law. *Plagianos v. American Airlines,* 912 F.2d 57, 59 (2d Cir.1990). In this case, the district court's jury instructions did not give a misleading impression or inadequate understanding of the law and thus were not erroneous.

For the reasons stated above, the judgment imposed by the district court is hereby AFFIRMED.